DOROTHY JANE ROCK v. SHERMAN T. ROCK.

(Filed 18 September 1963.)

**Divorce and Alimony § 18—**

> While a change of condition is necessary to support an order modifying a prior order for the support of children and for permanent alimony, an order for subsistence *pendente lite* may be modified at any time before the trial on application of either party without a finding of a material change of condition. G.S. 50-16.

APPEAL by defendant from *Hubbard, J.,* June Session 1963 of CARTERET.

This action was instituted on 7 October 1961 in the Superior Court of Carteret County for alimony without divorce, for the custody of Nancy Jane Rock, who was born of the marriage between the plaintiff and the defendant on 28 May 1960, the parties having been married on 7 May 1959, for the support of said child and for counsel fees.

On 25 October 1961 an order *pendente lite* was entered directing the defendant to pay for the support of his wife and child the sum of $125.00 a month and to pay counsel fees for plaintiff.

A motion in the cause was filed on or about 19 February 1963 requesting an increase in the allowance and advising the court that it was impossible for the plaintiff to maintain herself and child on the previous allowance, which amount had been paid as required by the original order.

The matter came on for hearing at the May Civil Session 1963 of the Superior Court of Carteret County upon the verified motion of the plaintiff and the affidavit of Kathryn Riefenach and the oral testimony of the defendant. The parties agreed the court might enter judgment in or out of term. The court found the facts, and based thereon concluded as a matter of law that the order theretofore entered on 25 October 1961 should be modified. The court entered judgment on 6 June 1963.

The court thereupon in its sole discretion increased the alimony *pendente lite* for the support of plaintiff and the minor child born of

the marriage, Nancy Jane Rock, to $175.00 per month, and awarded plaintiff's counsel a fee of $150.00.

The defendant excepted and appealed to the Supreme Court, assigning error.

*A. D. Ward for plaintiff appellee.*
*Wheatly & Bennett for defendant appellant.*

PER CURIAM. The facts found by the judge are set out in the order and are sufficient to support it. There was evidence at the hearing tending to support the findings of fact.

All assignments of error have been abandoned except Nos. 8 and 11 which challenge the power of the court to enter an order modifying the previous order unless predicated upon a finding of a material change in the circumstances of the parties.

It is conceded by the appellee that a change of condition and circumstances must be established before an order for the support of children and permanent alimony can be modified. However, the amount the defendant is required to pay for the support of his child and for reasonable subsistence of the plaintiff *pendente lite* and for compensation to her counsel, is determinable by the judge in the exercise of his sound discretion. And in the absence of an abuse of discretion, his decision is not reviewable. *Tiedemann v. Tiedemann*, 204 N.C. 682, 169 S.E. 422; *Wright v. Wright*, 216 N.C. 693, 6 S.E. 2d 555.

An order for subsistence *pendente lite* may be modified at any time before the trial on application of either party. G.S. 50-16.

The order entered below is

Affirmed.