HELEN N. SNUGGS v. CLYDE T. SNUGGS.

(Filed 20 November 1963.)

**Divorce and Alimony § 18—**

An order for subsistence *pendente lite* may be modified at any time before trial on application of either party without a finding of a material change of condition.

APPEAL by plaintiff from *McConnell, J.,* in Chambers in RICHMOND on July 15, 1963.

This action was begun in Richmond County on 23 February 1963. The complaint alleges plaintiff and defendant were married in March 1940; defendant, in February 1962, wrongfully abandoned plaintiff and his minor child. Plaintiff asks for alimony without divorce and for the custody of and support for the minor child.

When the complaint and summons were served, plaintiff gave notice that she would, on 4 March 1963, move before the judge holding the courts of the Twentieth District at the courthouse in Anson for an order for alimony *pendente lite.* Judge Brock, by special assignment presiding over the March Term of Anson, heard the motion. The parties submitted affidavits in support of their respective contentions. The court found defendant had abandoned his wife and had failed to provide her with necessary subsistence. He further found defendant had "a net annual income in excess of $5,000.00." Based on these findings he required defendant to pay plaintiff for her support and the support of their minor child the sum of $350 per month, except for such time as the minor child's expenses at college was paid by defendant, and for such periods he should pay plaintiff $250 per month. When the order

was made, the minor was in the senior class in high school. In addition to these monthly payments plaintiff was permitted to continue to occupy the home place. Defendant was required to pay the taxes thereon and keep it insured. He was required to endorse to plaintiff a note for $2,000, part of the purchase price of real estate sold by plaintiff and defendant.

Defendant made the monthly payments as required by Judge Brock but did not transfer the $2,000 note as directed by the order. On 17 April plaintiff filed a petition with Judge Brock praying for an order requiring defendant to show cause why he should not be held in contempt. On that date Judge Brock signed an order requiring defendant to appear before Judge McRae at the courthouse in Rockingham to show cause why he should not be held in contempt. On the same date defendant gave notice that he would apply to Judge McConnell for an order modifying Judge Brock's order of subsistence.

When the motion to attach defendant for contempt came on for hearing before Judge McRae, he continued the matter for hearing by Judge McConnell at the same time he heard defendant's motion for modification of Judge Brock's order of subsistence. Judge McConnell heard the parties on 5 June 1963 and on 15 July 1963. He found "the income of the defendant for the year 1962 was approximately $5,500.00 inclusive of certain capital gains from the sale of property which the plaintiff shared, that if he be required to pay the sum of $350.00 per month, to wit, $4200.00 annually, it would jeopardize his business; that there is nothing in the record to show that defendant's income for 1963 will be more than that for 1962." Based on his findings Judge McConnell reduced the monthly payment which defendant was required to pay from $350 per month to $250 per month. He required defendant to deposit with the clerk of the court as security for payment of the monthly sums the $2,000 note. Plaintiff excepted and appealed.

*Pittman, Pittman & Pittman by W. G. Pittman for plaintiff appellant.*

*Webb & Lee by Hugh A. Lee for defendant appellee.*

PER CURIAM. Plaintiff contends that Judge McConnell was without authority to modify the order made by Judge Brock since defendant neither alleged nor offered evidence tending to show a change in condition between the time Judge Brock heard the matter and made his order and the time the matter was heard by Judge McConnell. The identical contention was made in *Rock v. Rock,* 260 N.C. 223. The conclusion then reached is determinative of this appeal.

Affirmed.