MARY A. SAYLAND, INCOMPETENT, BY AND THROUGH HER GUARDIAN, L. P. McLENDON, JR., v. MARVIN A. SAYLAND.

(Filed 25 May, 1966.)

**1. Divorce and Alimony § 19;    Husband and Wife § 11—**

Where the court adopts provisions of a deed of separation and decrees that the husband make payments of alimony in accordance therewith, the provisions for alimony are under order of the court, which order may be modified for change of conditions.

**2. Divorce and Alimony § 16—**

Alimony under G.S. 50-16 is "a reasonable subsistence," which must be measured by the needs of the wife and by the ability of the husband to pay, and the duty to pay alimony may not be avoided merely because it has become burdensome or because the husband has remarried and voluntarily assumed additional obligations, or the fact that the wife has property or means of her own; nevertheless, the earnings and means of the wife are matters to be considered, and the statute does not contemplate that the husband should make payments which tend only to increase the estate of the estranged wife.

**3. Divorce and Alimony § 19—**

A decree for payment of alimony under G.S. 50-16 may not be modified except for a change of condition. However, any considerable change in the health or financial condition of the parties will warrant an application for modification of the decree, including termination of the award absolutely.

**4. Divorce and Alimony § 16—**

The amount of alimony to be paid the wife under G.S. 50-16 rests in the sound discretion of the trial court, and its order will not be disturbed in the absence of abuse of discretion.

**5. Divorce and Alimony § 19;   Appeal and Error § 46—**

Where it cannot be ascertained from the record whether the court denied motion for modification of a decree for alimony in the exercise of the court's discretion or whether the court denied the motion because of a misapprehension of the applicable law, the judgment will be vacated and the cause remanded.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

APPEAL by defendant, movant, from *Shaw, J.*, March 15, 1965 Mixed Session of GUILFORD, docketed in the Supreme Court as Case No. 683 and argued at the Fall Term 1965.

Motion in the cause by defendant that he be relieved of the obligation imposed by judgment entered in 1954 to pay alimony to plaintiff, Mary A. Sayland.

The facts are not in dispute: Defendant and Mary A. Sayland were married in September 1933. They lived together as husband and wife until June 12, 1951, when they entered into a deed of separation. Defendant conveyed to his wife the house he was buying in Greensboro, together with all its furnishings, gave her one of their two automobiles, and agreed to pay her $40.00 per week for two years. At that time, Mrs. Sayland had $15,000.00 in government bonds which she had acquired by inheritance. On July 3, 1953, she was adjudged to be incompetent. L. P. McLendon, Jr., was appointed her guardian, and she was committed to the State's hospital for the mentally ill at Butner, where she still remains totally incompetent. The prognosis is that she will not improve within the foreseeable future. The cost of her care and maintenance at the hospital is $75.00 a month.

The guardian of Mary A. Sayland instituted this action in her behalf on July 8, 1953, for alimony without divorce. At the February 1954 Term, the parties agreed upon a settlement of all matters in controversy between them. In accordance with their agreement

the presiding judge, by consent, "ordered, adjudged and decreed," *inter alia,* that beginning on February 17, 1954, and on each Wednesday thereafter, defendant should pay to plaintiff's guardian alimony for her in the sum of $57.50 per week, "so long as the said Mary A. Sayland be under legal disability, and so long as she is unable to provide for herself in the manner to which she has been accustomed." In all events, however, these weekly payments were to continue for a minimum period of ten and one-half years. It was also ordered that the proceeding be retained on the docket for "further orders which might become necessary or appropriate for perfecting the relief or enforcement of the remedies adjudged" in the action.

Between the time Mrs. Sayland was declared insane and the entry of the judgment, defendant had continued to make to her guardian the weekly payments of $40.00 specified in the deed of separation. At the time the judgment was entered, defendant was 44 years old, in good health, and earning approximately $8,000.00 a year. For ten and one-half years, he regularly made the weekly payments required by the judgment. Since their separation in June 1951, through August 15, 1965, defendant has paid plaintiff a total of $37,310.00.

As a result of the wise investments made by her guardian, and his careful management of her estate, on June 30, 1964, Mrs. Sayland owned stocks and bonds valued at $33,722.50. In addition, she had tangible personal property worth $1,190.45, and the net worth of her house in Greensboro was $4,750.00. Her total estate had a value of $39,662.95. From July 1, 1963, through June 30, 1964, defendant paid plaintiff $3,000.00 in alimony, twelve payments of $250.00 each. In addition to undisclosed capital gains from the sale of securities, Mrs. Sayland's interest and dividend income for that period was $2,372.02. During that fiscal year, including alimony, she thus had an income of at least $5,372.02; her guardian expended for clothes, taxes, mortgage payments on house, guardian's commissions and bond premiums, medical care, and service charges, the sum of $2,733.20. Her income, therefore, exceeded her expenses by at least $2,638.82.

In February 1954, defendant secured an absolute divorce from Mary A. Sayland. Sometime thereafter he remarried, and, in June 1963, he and his wife adopted an 11-year-old son. Defendant is now 54 years of age. His gross salary is $1,168.00 per month; his take-home pay, $909.00 a month. His annual *gross* income from all sources is about $15,500.00. During 1954, he suffered a heart attack from which he had apparently recovered, but in April 1963, he was

again hospitalized for a "cardiac condition." He required further hospitalization for the same cause in August 1963. His physicians are of the opinion that he will probably have more heart trouble in the future. His net worth is around $15,000.00. He owes $5,000.00 on his home, and he is paying for his automobile. In ten years the company for which he works will require him to retire. Under present conditions, he is unable to save any money for his son's education or any other purpose, and he has only ten years left in which he can hope to accumulate any estate. Because of his physical condition, his life is uninsurable.

On January 11, 1965, defendant filed a motion in the cause requesting that he be relieved from further obligations for the support of Mary A. Sayland. He averred that "she is at Camp Butner and only $75.00 per month is required there for her support and maintenance in that institution, and that her estate, which has accumulated through the years, is amply sufficient to make such payments, and to require the petitioner to continue to make them would be an intolerable burden to him, and unjust to his present family." The motion was heard on March 19, 1965. After considering the facts detailed herein, Judge Shaw entered an order reciting defendant's age, earnings, and health in 1954, his present age, physical condition, earnings, and family status, and concluding as follows:

> "And Whereas when the judgment above referred to was signed by his Honor George F. Fountain on February 16, 1954, the incompetent plaintiff in the above-entitled action was then and is now represented by her Guardian, L. P. McLendon, Jr.; that she was then and is now unable to provide for herself in the manner to which she has been accustomed and was then and is now under legal disability; that said plaintiff, Mary A. Sayland, was then and is now a patient at the John W. Umstead Hospital in Butner, N. C.; that the said plaintiff, Mary A. Sayland, was then and is now totally incompetent for want of understanding to manage her own affairs; that the prognosis of her case is that the plaintiff, Mary A. Sayland, will not improve within the foreseeable future; that the plaintiff, Mary A. Sayland, is kept and maintained at the John W. Umstead Hospital in Butner, N. C., which is a State Hospital for the mentally ill; and, that the cost of her care and maintenance at said hospital is $75.00 per month.
>
> "Now, THEREFORE, it is the judgment of the court that the motion of the movant be, and the same is hereby denied."

He then ordered that defendant forthwith pay to L. P. McLendon, Jr., guardian of Mary A. Sayland, incompetent, the sum of $57.50

per week for the period from August 17, 1964, to date as required by the 1954 judgment. He further directed that defendant continue payments as decreed by the former judgment. Defendant excepted to the denial of his motion and appealed from the judgment entered.

*Robert B. Lloyd, Jr.; Of Counsel: Block, Meyland & Lloyd and John L. Toumaras for plaintiff appellee.*

*James and Speight by W. W. Speight and W. H. Watson for defendant appellant.*

SHARP, J.   The 1954 judgment, which defendant seeks to modify, did not merely give judicial sanction to the parties' agreement; the court adopted that agreement as its own determination of defendant's obligation to plaintiff, and ordered him to make the specified payments set out therein. Thus, it was an order of the court which it may modify at any time changed conditions and the ends of justice require. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240; *Stancil v. Stancil,* 255 N.C. 507, 121 S.E. 2d 882; *Barber v. Barber,* 217 N.C. 422, 8 S.E. 2d 204. A change of circumstances or conditions must be established, however, before an order for permanent alimony may be modified or discontinued. *Rock v. Rock,* 260 N.C. 223, 132 S.E. 2d 342; 2 Lee, North Carolina Family Law § 153 (1963).

The alimony which a husband is required to pay in proceedings instituted under G.S. 50-16 is "a reasonable subsistence," the amount of which the judge determines in the exercise of a sound judicial discretion. His order determining that amount will not be disturbed unless there has been an abuse of discretion. *Hall v. Hall,* 250 N.C. 275, 108 S.E. 2d 487. Reasonable subsistence is measured by the needs of the wife *and* by the ability of the husband to pay. Ordinarily, it is primarily to be determined by the "condition and circumstances" of the husband. *Martin v. Martin,* 263 N.C. 86, 138 S.E. 2d 801; *Coggins v. Coggins,* 260 N.C. 765, 133 S.E. 2d 700. See Note, 39 N.C.L. Rev. 189 (1961). The fact that the wife has property or means of her own does not relieve the husband of his duty to furnish her reasonable support according to his ability. *Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443; *Bowling v. Bowling,* 252 N.C. 527, 114 S.E. 2d 228; *Coggins v. Coggins, supra.* Nevertheless, "the earnings and means of the wife are matters to be considered by the judge in determining the amount of alimony. G.S. 50-16." *Bowling v. Bowling, supra* at 533, 114 S.E. 2d at 232. The court must consider the estate and earnings of both in arriving at the sum which is just and proper for the husband to pay the wife, either as temporary or permanent alimony; it is a question of fairness and

justice to both. *Bowling v. Bowling, supra;* 2 Lee, *op. cit. supra* §
145; 24 Am. Jur. 2d, Divorce and Separation §§ 620, 631 (1966);
27A C.J.S., Divorce § 233(1) (1959).

Payment of alimony may not be avoided merely because it has
become burdensome, or because the husband has remarried and vol-
untarily assumed additional obligations. 24 Am. Jur. 2d, Divorce
and Separation § 649 (1966); Annot., Alimony as Affected by Re-
marriage, 30 A.L.R. 79 (1924). However, any considerable change
in the health or financial condition of the parties will warrant an
application for change or modification of an alimony decree, and
"the power to modify includes, in a proper case, power to terminate
the award absolutely," 2A Nelson, Divorce and Annulment § 17.01
(2d Ed. 1961). *Accord,* 27A C.J.S., Divorce § 240 (1959). "The fact
that the wife has acquired a substantial amount of property, or that
her property has increased in value, after entry of a decree for ali-
mony or maintenance is an important consideration in determining
whether and to what extent the decree should be modified." Annot.,
Modification of Alimony Decree, 18 A.L.R. 2d 10, 74 (1951); 24
Am. Jur. 2d, Divorce and Separation § 681 (1966). A decrease in
the wife's needs is a change in condition which may also be properly
considered in passing upon a husband's motion to reduce her al-
lowance. 27A C.J.S., Divorce § 239 (1959). By the same token, an
increase in the wife's needs, or a decrease in her separate estate, may
warrant an increase in alimony.

We are unable to determine from this record whether the court
denied defendant's motion in the exercise of his discretion, or be-
cause of a mistaken view of the law. The excerpt from his order
quoted in our statement of facts suggests that he may have deemed
the court without authority to modify the 1954 judgment as long as
Mrs. Sayland remained incompetent. As heretofore pointed out, the
court has plenary authority to modify the judgment whenever
changed circumstances make such action equitable. But whatever
the basis of his ruling, the sum which he ordered defendant to con-
tinue paying is not, as a matter of law, reasonable subsistence un-
der the circumstances of this case.

The actual cost of Mrs. Sayland's maintenance in the State's
hospital is presently $75.00 a month. Defendant's alimony payments
are $230.00 every four weeks — slightly more than three times the
cost of her actual *subsistence.* Even including the cost of Mrs. Say-
land's guardianship, at the present time, this sum exceeds "reason-
able subsistence." *Subsistence,* according to Webster's New Interna-
tional Dictionary (2d Ed. 1934), is "that which furnishes support
to animal life; means of support; provisions, or that which procures

provisions; livelihood." The Legislature did not contemplate that "reasonable subsistence" should include contributions by a husband which tend only to increase an estate for his estranged wife to pass onto her next of kin. Furthermore, it would seem that, in ordering defendant to pay plaintiff $57.50 per week, the judge entirely ignored the income from Mrs. Sayland's own estate, which G.S. 50-16 requires the court to take into consideration.

The judgment appealed from is vacated, and this cause is remanded for another hearing upon defendant's motion in light of the legal principles herein enunciated.

Error and remanded.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.