BETTY ALBRIGHT ROBINSON v. BILLY LEWIS ROBINSON

No. 7118DC4

(Filed 24 February 1971)

1. Attachment § 9— vacation of attachment

The trial court properly vacated the attachment of an airplane where the attachment was levied more than 10 days after the issuance of the order of attachment. G.S. 1-440.13(b); G.S. 1-440.16(c).

2. Divorce and Alimony § 19— modification of support award — husband's decrease in income — issue of husband's good faith — findings of fact

The trial court which reduced a husband's support payments *pendente lite* from $900 monthly to $100 weekly was required to resolve and to make findings of fact on the issue whether the husband's substantial decrease in income resulted from his disregard of the obligation to support his wife and children, where the husband had testified

that he was voluntarily selling for $3,000 his business which had netted him $15,000 annually and was accepting a job which would pay him approximately $6,240 annually.

3. **Divorce and Alimony § 18— award of subsistence pendente lite — consideration of husband's current income**

If the husband is honestly and in good faith engaged in a business to which he is properly adapted and is making a good faith effort to earn a reasonable income, the award of subsistence *pendente lite* should be based on the amount which defendant is earning when the award is made.

4. **Divorce and Alimony § 18— award of subsistence pendente lite — husband's earning capacity**

To base an award *pendente lite* on the husband's capacity to earn rather than on actual earnings, there should be a finding based on evidence that the husband is failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support for his wife and children.

5. **Divorce and Alimony § 19— modification of alimony award — change of circumstances**

An order for alimony or alimony *pendente lite* may be modified or vacated upon motion and a showing of changed circumstances. G.S. 50-16.9.

6. **Divorce and Alimony § 19— modification of alimony award —burden of proof**

Upon a motion for modification of an award of alimony and support *pendente lite* the movant has the burden of going forward with the evidence to show change of circumstances.

7. **Divorce and Alimony § 19— modification of support award — change in husband's earnings — consideration of husband's good faith**

A finding of changed circumstances in the husband's actual earnings does not necessarily require or justify a modification of a prior support order, especially where the husband has voluntarily reduced his actual earnings and is failing to exercise his earning capacity because of a disregard of his marital or parental obligations to provide support.

8. **Divorce and Alimony §§ 18, 22— award of child support and alimony — separate statement of each allowance**

An order that awards both child support payments and alimony or alimony *pendente lite* payments must separately state and identify each allowance. G.S. 50-13.4(e); G.S. 50-16.7(a).

APPEAL by plaintiff from order dated 9 March 1970, entered by *Haworth, District Court Judge,* following hearings in chambers on 3 and 4 March 1970 in Guilford County.

Robinson v. Robinson

Plaintiff instituted this action on 8 December 1969 seeking alimony without divorce, custody of and support for three minor children, alimony *pendente lite,* and counsel fees. Notice of a hearing to be held on 18 December 1969 was duly served upon defendant.

On 18 December 1969 a hearing was conducted by District Court Judge Washington. The parties stipulated that the only question in controversy was the amount of alimony and child support defendant should be required to pay *pendente lite.* Plaintiff offered evidence which tended to show that defendant was owner and operator of Robinson Welding Service and that his net income for 1967 was $13,707.00 and for 1968 was $11,871.75. Her evidence further tended to show that while she and defendant lived together he provided $1,000.00 per month for family living expenses, and that she and the children reasonably needed that amount monthly.

Judge Washington entered his order *pendente lite* awarding custody of the three children to plaintiff, granting possession of the home place to plaintiff, and requiring defendant to make the following payments: $900.00 per month for the support and maintenance of plaintiff and the three children; $5.00 per month allowance to each child; the note account at the bank; and maintain life and hospital insurance.

On 22 December 1969 defendant filed a motion to modify the 18 December 1969 order upon the grounds that his income was not sufficient to comply. Judge Washington "left open" the matter of defendant's motion to modify to allow the parties to negotiate a settlement as to amount of support. On 29 January 1970 District Court Judge Haworth issued an order to defendant to show cause why he should not be adjudged in contempt for failure to comply with Judge Washington's order of 18 December 1969. On 19 February 1970 defendant offered evidence in reply to the show cause order. Defendant testified as follows:

"I am in the process of selling my business for approximately $3,000.00. Yes, this business has earned me net earnings of approximately $15,000.00 per year for 1967 and 1968 and the earnings for 1969 are as good or better. I am going to take a job at $3.00 per hour with Superior

Stone Company. I have not paid anything into court in compliance with the order of 18 December 1969."

At the close of defendant's testimony Judge Haworth continued the matter, over plaintiff's objection, to 3 March 1970.

On 23 February 1970 plaintiff caused attachment to be issued by the clerk of court for all business and welding equipment of Robinson Welding Service, for one two-bedroom mobile home occupied by defendant, and for defendant's Piper airplane. The attachment for the business and welding equipment was returned on 26 February 1970 showing no business and welding equipment to be found. On 20 March 1970 plaintiff was notified by the sheriff that the mobile home had been sold by defendant before attachment could be completed. On 4 April 1970 the sheriff attached defendant's Piper airplane, but this attachment was vacated by order of court on 30 April 1970 because the attachment had not been kept alive by alias and pluries orders of attachment.

At the hearing on 3 March 1970 plaintiff's evidence tended to show that all of the business and welding equipment of Robinson Welding Service was sold to one Coleman L. Grant on 20 February 1970; that Coleman L. Grant had never worked in the welding business before, that he had known defendant only about two weeks before he purchased the business, that he was unemployed prior to purchasing the business, and that he paid defendant cash for the business; that defendant sold his truck, equipped with a welding machine, on 21 February 1970 for $900.00; and that defendant sold his Corvette automobile on 25 February 1970 for $200.00.

At the conclusion of the hearing Judge Haworth adjudged defendant to be in contempt of court for failure to make payments in accordance with the 18 December 1969 order, but allowed him to purge himself of contempt by the payment of a lump sum of $500.00 in satisfaction of all arrears in support payments. Judge Haworth further found: "That the change of employment by defendant and the decrease in the financial needs of plaintiff is a change of circumstances which, in the opinion and in the discretion of the Court, justifies a modification of the Order rendered December 18, 1969 as hereinafter set out." Judge Haworth's order thereafter provided that defendant pay $100.00 weekly for the support and maintenance of plaintiff and the

three children. The order further provided for plaintiff's possession of the home place and Buick automobile, and required defendant to make mortgage payments, to pay up outstanding indebtedness, to maintain life and hospital insurance, and to pay attorney fees to plaintiff's counsel.

Plaintiff appeals from Judge Haworth's order, in particular that portion which reduced the support payments from $900.00 per month to $100.00 per week.

*John Randolph Ingram for plaintiff.*

*Morgan, Byerly, Post & Herring by W. E. Byerly, Jr. for defendant.*

BROCK, Judge.

[1] Plaintiff assigns as error the order vacating the attachment of defendant's Piper airplane. The order of attachment was issued by the clerk of court on 23 February 1970, and the levy under the original order was made by the sheriff on 4 April 1970. G.S. 1-440.16(c) provides that levy under an order of attachment must be made within ten days of the issuance of the order. G.S. 1-440.13(b) provides procedure for issuance of alias and pluries orders of attachment. In this case the sheriff's levy was under the original order for attachment of defendant's Piper airplane and was 41 days after its issuance. This was insufficient to constitute a valid levy, and there was no error in the entry of the order to vacate it.

[2] Plaintiff's primary argument on this appeal is centered upon the order allowing the reduction in support payments based, at least in part, upon defendant's "change of employment." Plaintiff argues that defendant sold a profitable business for a small sum, and took a job at $3.00 per hour, for the deliberate purpose of rendering himself unable to pay adequate support for plaintiff and their children.

[3, 4] Plaintiff is entitled to a fair and reasonable allowance for support for herself and her three children. The granting of an allowance and the amount thereof does not necessarily depend upon the earnings of the husband. One who is able bodied and capable of earning, may be ordered to pay subsistence. *Brady v. Brady,* 273 N.C. 299, 160 S.E. 2d 13; *Harrell v. Harrell,*

253 N.C. 758, 117 S.E. 2d 728. If the husband is honestly and in good faith engaged in a business to which he is properly adapted, and is making a good faith effort to earn a reasonable income, the award should be based on the amount which defendant is earning when the award is made. To base an award on capacity to earn rather than actual earnings, there should be a finding based on evidence that the husband is failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support for his wife and children. *Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912.

In the present case defendant filed a motion seeking to modify the 18 December 1969 order by reducing the amount of the award of support. At the hearing he testified that his net earnings were approximately $15,000.00 per year from his welding business, but that he was in process of selling his business and was going to take a job at $3.00 per hour. On the basis of a forty hour work week, if he works without vacation or other time off, defendant's gross earnings from his new job will be approximately $6,240.00 per year; this is less than half of his net earnings from the business he sold.

**[5]**  Prior to the passage of G.S. 50-16.9 (effective 1 October 1967) an order for alimony or support *pendente lite* could be modified in the discretion of the judge without a finding of a change of circumstances. *Snuggs v. Snuggs,* 260 N.C. 533, 133 S.E. 2d 174; *Rock v. Rock,* 260 N.C. 223, 132 S.E. 2d 342. However, G.S. 50-16.9 provides that an order for alimony or alimony *pendente lite* may be modified or vacated upon motion and a showing "of changed circumstances." The criteria for determining the amount of alimony are provided in G.S. 50-16.5(a) as follows: "Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, *earning capacity,* condition, *accustomed standard of living of the parties,* and other facts of the particular case." (Emphasis added.) The determination of the amount of alimony *pendente lite* shall be in the same manner as alimony. G.S. 50-16.3(b).

**[6, 7]**  Upon a motion for modification of an award of alimony and support *pendente lite* the movant has the burden of going forward with the evidence to show change of circumstances. However, a finding of a change of circumstances does not necessarily require or justify a modification of the previous order.

And where, as in the present case, an issue of whether the husband is failing to exercise his capacity to earn because of a disregard of his marital and parental obligations to provide adequate support is raised, the trial judge should make findings from the evidence to resolve that issue. If the evidence supports a finding, and the trial judge so finds, that the husband has voluntarily reduced his actual earnings, and is failing to exercise his capacity to earn because of a disregard of his marital or parental obligations to provide adequate support, then the award should not be modified to accommodate the reduced actual earnings.

[2] The trial judge made no findings of fact to resolve this issue and the judgment appealed from is therefore vacated and this cause is remanded to the District Court, Guilford County.

We make no observations concerning the propriety of the requirements of the 18 December 1969 judgment of Judge Washington; defendant did not appeal from that judgment and it is therefore not before us.

[3] We also note that G.S. 50-13.4(e) provides in part as follows: "In every case in which payment for the support of a minor child is ordered and alimony or alimony *pendente lite* is also ordered, the order shall separately state and identify each allowance." And G.S. 50-16.7(a) provides in part: "In every case in which either alimony or alimony *pendente lite* is allowed and provision is also made for support of minor children, the order shall separately state and identify each allowance." Neither of the orders entered in this case comply with the statutory provisions quoted above.

Order vacated.

Cause remanded.

Judges MORRIS and VAUGHN concur.