JACQUELINE H. ROBINSON v. MARVIN WILLIAM ROBINSON

No. 7523DC192

(Filed 4 June 1975)

Divorce and Alimony § 18— alimony pendente lite — award unsupported by evidence

Finding that defendant has a present monthly net income of $658.52 will not support an award of alimony *pendente lite* of $938.00 per month; nor could such an award be properly based on defendant's earning capacity rather than his actual earnings where the court did not find as a fact that he was not in good faith exercising his earning capacity to the fullest extent to meet his financial obligations.

APPEAL by defendant from *Davis, Judge.* Judgment entered 13 December 1974 in District Court, WILKES County. Heard in the Court of Appeals 7 May 1975.

This is a civil action wherein the plaintiff, Jacqueline H. Robinson, seeks alimony without divorce and counsel fees from the defendant, Marvin William Robinson, her husband. The matter was heard on plaintiff's motion for alimony pendente lite, counsel fees, and possession of the home and furnishings.

Robinson v. Robinson

The trial court made the following pertinent findings of fact:

"4. The defendant earns a monthly net income of $658.52, and annual bonuses depending on prevailing economic conditions affecting the housing market. During the year 1973, the defendant earned in excess of $15,000.00."

"17. The plaintiff and the defendant reside in a home at Oakwoods Country Club Development which costs (sic) approximately $80,000.00 to construct. Said house is encumbered with mortgages in the sum of approximately $78,000.00. There is litigation pending on a purported lien against said real property in the amount of approximately $10,073.92."

"19. The monthly mortgage payments on the aforesaid mortgages amount to approximately $818.00."

"20. The plaintiff has no other place in which to reside than the aforesaid house."

"21. At the time of their separation, the plaintiff's and the defendant's home was fully furnished with furniture and household goods. The plaintiff is in need of possession of said furniture and household goods."

"25. The defendant's reasonable and necessary living expenses amount to approximately $300.00 per month."

"28. The defendant is capable of making support payments to the plaintiff."

The court concluded, among other things, that the "conduct of the defendant toward the plaintiff constitutes constructive abandonment," that the "defendant is physically and financially able to provide adequate support and maintenance for the plaintiff," and that the "plaintiff is entitled to possession of all furniture and home furnishings owned by the plaintiff and the defendant at the date of their separation." The court thereafter entered an order that the plaintiff have possession of the home and furnishings, that the defendant pay $30.00 per week for the support and maintenance of the plaintiff as alimony pendente lite, that the defendant pay the $818.00 monthly mortgage payments on the house and lot, and that the defendant pay plaintiff's counsel a fee of $500.00 at the rate of $100.00 per month. Defendant appealed.

*No counsel appearing for plaintiff appellee.*

*McElwee, Hall & McElwee, by William H. McElwee III, for defendant appellant.*

HEDRICK, Judge.

Defendant brings forward and argues assignments of error relating to the admission of evidence, the sufficiency of the evidence and findings to support any award of alimony pendente lite, the sufficiency of the findings to support the award of an attorney's fee in the amount of $500.00, and the sufficiency of the findings to support an award of alimony pendente lite in the amount of $938.00 per month. Assuming that the evidence and findings are sufficient to support an award of alimony pendente lite, we discuss only whether the findings relating to defendant's earnings are sufficient to support the award of alimony pendente lite in the amount of $938.00 per month.

G.S. 50-16.3 (b) provides that the amount of alimony pendente lite shall be determined in the same manner as alimony. G.S. 50-16.5 (a) provides:

> "Alimony shall be in such amount as the circumstances render necessary, having due regard to the *estates, earnings, earning capacity,* condition, accustomed standard of living of the parties, and other facts of the particular case." [Emphasis ours.]

While the judge made no definitive finding regarding defendant's estate, the record demonstrates clearly that the defendant must make any payments ordered from his present net earnings of $658.52 per month. Since the trial court found as a fact that the defendant had an income in 1973 in excess of $15,000.00, we assume the judge based the amount of the award on what he considered to be the defendant's "earning capacity" rather than present earnings.

> "If the husband is honestly and in good faith engaged in a business to which he is properly adapted, and is making a good faith effort to earn a reasonable income, the award should be based on the amount which defendant is earning when the award is made. To base an award on capacity to earn rather than actual earnings, there should be a finding based on evidence that the husband is failing to exercise his capacity to earn because of a disregard of his marital

obligation to provide reasonable support for his wife and children." *Robinson v. Robinson*, 10 N.C. App. 463, 468, 179 S.E. 2d 144, 147 (1971) (citation omitted).

Here, the trial court did not find as a fact that the defendant was not in good faith exercising his earning capacity to the fullest extent to meet his financial obligations. Indeed, the findings show that the defendant works regularly at the job he has held for many years and that he had a net income of $658.52 per month when the order was entered.

It is obvious, therefore, that the finding that the defendant has a present monthly net income of $658.52 will not support the award of alimony pendente lite in the amount of $938.00 per month.

Since there must be another hearing, we do not discuss the other assignments of error, which are not likely to occur at the next hearing. For the reasons stated, the order is vacated and the cause is remanded to the district court for a new hearing and new findings.

Vacated and remanded.

Chief Judge BROCK and Judge MORRIS concur.