ELSIE SEYMORE GOBBLE v. JAMES ODELL GOBBLE

No. 7722DC506

(Filed 4 April 1978)

**Divorce and Alimony §§ 18.11, 18.16— alimony pendente lite — counsel fees — award improperly made**

> In a hearing on plaintiff's motion for alimony pendente lite and counsel fees where the trial court found that defendant was unemployed at the time of the hearing and that he was at that time unable to pay any alimony pendente lite or counsel fees, an award of alimony pendente lite and counsel fees was erroneous because the court failed to find as a fact that defendant was failing to fulfill his earning capacity because of his disregard of his marital obligation to provide reasonable support for plaintiff; moreover, the award was also erroneous because the judge failed to find as a fact that plaintiff was without sufficient means whereon to subsist during the pendency of the action.

APPEAL by defendant from *Olive, Judge*. Judgment entered 21 February 1977 in District Court, DAVIDSON County. Heard in the Court of Appeals 10 March 1978.

This is a civil action wherein the plaintiff seeks a divorce from bed and board, alimony pendente lite and counsel fees. The defendant filed a counterclaim for divorce from bed and board. After a hearing on plaintiff's motion for alimony pendente lite and counsel fees, the trial judge made findings and conclusions which except where quoted are summarized as follows:

Plaintiff and defendant were married on 9 November 1968, and no children were born of the marriage union. In April, 1974,

plaintiff suffered a "stroke," and as a result the plaintiff has difficulty in speaking and is extremely nervous and emotional. On 26 September 1976, the defendant assaulted the plaintiff, and as a result the plaintiff was forced to leave the home.

> 5. That beginning in the early summer of 1976 and up until the plaintiff left home, defendant had on several occasions committed acts of physical and verbal abuse knowing that because of plaintiff's health problems, such conduct would upset her; . . . .

Plaintiff returned to the home in November, 1976, where she presently resides with her mother and defendant, and in which she and defendant occupy separate rooms. Because of plaintiff's illness, she has been unable to work and receives Social Security benefits in the amount of $227.00 a month.

> 8. That defendant was employed at Glosson Motor Lines prior to the hearing in this matter earning approximately $170.00 to $175.00 per week net pay; that Glosson Motor Lines has filed for reorganization under Chapter 10 of bankruptcy law, and defendant was notified on the day of this hearing of the termination of his employment; and that defendant has other income from the sale of used automobiles;
>
> 9. That plaintiff is in need of support from the defendant and is in need of a place to live; and that plaintiff is unable to pay counsel fees for the prosecution of this action.

> Based on the foregoing findings of fact, it is concluded as a matter of law that defendant has offered such indignities to the person of the plaintiff as to render her life burdensome and her condition intolerable; that plaintiff is a dependent spouse and defendant is the supporting spouse; that plaintiff is in need of the sum of $45.00 per week alimony *pendente lite* and possession of the homeplace; that counsel for plaintiff has rendered valuable legal services for and on behalf of plaintiff and is entitled to counsel fees in the amount of $300.00; and that because of the termination of his employment, defendant is unable at this present time to pay any amounts of alimony *pendente lite* or counsel fees.

Defendant appealed.

*No counsel for plaintiff appellee.*

*Wilson & Biesecker, by Joe E. Biesecker, for defendant appellant.*

HEDRICK, Judge.

Defendant contends the findings of fact do not support the order that defendant pay alimony pendente lite in the amount of $45.00 per week, and $300.00 attorney's fees.

An award of alimony pendente lite may not be based on the earning capacity of the supporting spouse in the absence of a finding that the defendant is failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reaonable support. *Robinson v. Robinson*, 10 N.C. App. 463, 179 S.E. 2d 144 (1971); *Robinson v. Robinson*, 26 N.C. App. 178, 215 S.E. 2d 179 (1975). Since the judge found as a fact that the defendant was unemployed at the time of the hearing, and that he was at that time unable to pay any alimony pendente lite or counsel fees, it is obvious that the award of alimony pendente lite in the amount of $45.00 weekly was not based on the defendant's present earnings, but was based on the defendant's apparent earning capacity. The award of alimony pendente lite in the amount of $45.00 weekly, therefore, is erroneous because the court failed to find as a fact that the defendant was failing to fulfill his earning capacity because of his disregard of his marital obligation to provide reasonable support for the plaintiff.

The award of alimony pendente lite and counsel fees is likewise erroneous because the judge failed to find as a fact that the plaintiff was without sufficient means whereupon to subsist during the pendency of the action. G.S. 50-16.3. *Newsome v. Newsome*, 22 N.C. App. 651, 207 S.E. 2d 355 (1974).

For the reasons stated, the order is vacated and the cause is remanded to the District Court for a new hearing and new findings.

Vacated and Remanded.

Chief Judge BROCK and Judge MITCHELL concur.