CUNNINGHAM v. CUNNINGHAM

[121 N.C. App. 771 (1996)]

BRUCE T. CUNNINGHAM, JR., PLAINTIFF v. JANET F. CUNNINGHAM, DEFENDANT

No. COA94-1179

(Filed 5 March 1996)

**1. Divorce and Separation § 288 (NCI4th)— modification of alimony—reconsideration of dependency issue—error**

It is not appropriate to reconsider in a modification hearing the dependent spouse's dependency and entitlement to alimony, as the entitlement issue is permanently adjudicated by the original order; rather, the purpose of the modification hearing is to permit the trial court to adjust the decree to some distinct and definite change in the financial circumstances of the parties, and this adjustment may include reducing the amount of alimony to zero.

**Am Jur 2d, Divorce and Separation § 699.**

**Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.**

**2. Divorce and Separation § 291 (NCI4th)— modification of alimony—substantial change of circumstances—sufficiency of evidence**

The trial court erred in finding that there was not a substantial change of circumstances and in denying plaintiff's motion to modify a previous alimony award where the parties' expenses remained constant between the date of the initial order of alimony and the date of the modification hearing; defendant's income increased from $2,400 a year to $7,000 a year; plaintiff's

income decreased from $110,000 a year to $42,000 a year; the net value of defendant's assets increased from $225,000 to approximately $473,000; and the value of plaintiff's assets did not change. The language of the original decree adjusting the alimony payments based on a percentage of plaintiff's income does not require a different result.

**Am Jur 2d, Divorce and Separation §§ 710-715.**

**Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.**

Judge SMITH dissenting.

Appeal by plaintiff from order filed 25 August 1994 in Moore County District Court by Judge Adam C. Grant, Jr. Heard in the Court of Appeals 18 October 1995.

*Maxwell, Freeman & Beason, P.A., by James B. Maxwell, for plaintiff-appellant.*

*Ann Marie Vosburg for defendant-appellee.*

GREENE, Judge.

Bruce T. Cunningham, Jr. (plaintiff) appeals from the trial court's 25 August 1994 order which denied plaintiff's motion to modify a previous alimony award.

Plaintiff and Janet F. Cunningham (defendant) were married in 1972 and the following year, plaintiff, who is an attorney, began practicing law with defendant's father where he practiced until sometime after the parties separated in 1989. In the three years prior to the separation, plaintiff earned an income ranging from $100,000 to $125,000 per year.

During the marriage, plaintiff and defendant accumulated a marital estate worth approximately $450,000 at the time of the parties' 1 January 1989 separation agreement. The parties' separation agreement provided a roughly equal distribution of the marital estate, with plaintiff receiving approximately $225,000 in stock and liquid assets and defendant receiving the marital homeplace, valued at $140,000 (with a debt of $30,000), and $115,000 in liquid assets and other investments. Plaintiff also agreed to pay alimony to defendant

CUNNINGHAM v. CUNNINGHAM

[121 N.C. App. 771 (1996)]

equalling "the sum of one half [plaintiff's] monthly salary after first deducting social security." The separation agreement was, on 26 June 1989, incorporated by reference into the judgment of divorce. The incorporated separation agreement specifically provided that the alimony was separate from the property settlement and thus, the alimony provisions were not reciprocal consideration for the settlement and division of the marital estate.

In 1992, plaintiff's former father-in-law changed plaintiff's compensation schedule to one-half of the actual gross receipts he produced for the firm, which reduced plaintiff's annual salary. Shortly after this change, plaintiff left the law firm and joined another firm as partner. In 1993, plaintiff's gross income at his new law firm was approximately $42,000, and he paid defendant approximately $18,000 in alimony that year. Defendant's investment portfolio was valued at approximately $335,000, producing an "income of more than $30,000 in 1993." The defendant's home debt had been decreased to $2,000. She also earned an income of $7,000 from part-time work, compared to an income of $2,400 during the marriage. On 17 September 1993, plaintiff moved that his alimony obligation to defendant be modified, based upon defendant's increased investment income and plaintiff's involuntary reduction in compensation. The trial court found that between the date of the alimony order and the date of the modification hearing, the parties' reasonable expenses remained constant. The trial court concluded that "[p]laintiff has failed to meet his burden of establishing a material change of circumstances" and that defendant "is a dependent spouse." The trial court denied plaintiff's motion on 25 August 1994 and plaintiff appealed.

The issues are whether (I) the defendant's status as a dependent spouse is subject to reconsideration at a modification hearing; and (II) the evidence in this case supports the trial court's conclusion that there has been no "change of circumstances."

I

[1] The trial court concluded that the defendant remained a "dependent spouse." This is an issue that was not properly before the trial court. The statutes applicable to this case permit the modification of an alimony decree upon a "showing of changed circumstances." N.C.G.S. § 50-16.9(a) (1995). The "circumstances" to be considered are those "factors used in the original determination of the amount of alimony awarded under G.S. 50-16.5." *Rowe v. Rowe*, 305 N.C. 177,

187, 287 S.E.2d 840, 846 (1982). In other words, the "circumstances" are only those that "bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." *Britt v. Britt*, 49 N.C App. 463, 470-71, 271 S.E.2d 921, 926 (1980). It is not appropriate to reconsider, in a modification hearing, the dependent spouse's entitlement to alimony, as the entitlement issue is "permanently adjudicated by the original order." *Rowe*, 305 N.C. at 187, 287 S.E.2d 846. The purpose of the modification hearing is to permit the trial court to adjust the decree "to some distinct and definite change in the financial circumstances of the parties." 2 Robert E. Lee, *North Carolina Family Law* § 152, at 237 (4th ed. 1980). This adjustment may include reducing the amount of alimony to zero, but it cannot result in a loss of entitlement to alimony on the grounds that the once dependent spouse is no longer dependent. In this case, the trial court concluded that the defendant remained a dependent spouse. As it was error for the trial court to address that issue, we need not review whether that conclusion was error.

II

[2] In this case, the parties' expenses remained constant between the date of the initial order of alimony and the date of the modification hearing. The defendant's income (not including her income from her assets which amounted to $30,000 a year at the time of the hearing) increased from $2,400 a year to $7,000 a year. The plaintiff's income decreased from $110,000 a year to $42,000 a year. The net value of the defendant's assets increased from $225,000 to approximately $473,000. The value of the plaintiff's assets did not change. There is no evidence that the needs of the parties changed. This evidence reveals that the defendant's assets and income *increased* substantially between the date of the original hearing and the date of the modification hearing. The plaintiff's income *decreased* substantially during this period of time. This reflects a substantial change in circumstances and the conclusion of the trial court to the contrary cannot be supported. *See Sayland v. Sayland*, 267 N.C. 378, 383, 148 S.E.2d 218, 222 (1966) (increase in value of wife's property after entry of alimony decree evidence of changed circumstances).

The language of the original decree adjusting the alimony payments based on a percentage of the plaintiff's income does not require a different result. This adjustment clause contemplated a change in the plaintiff's income. It did not, however, contemplate or make any adjustment for an increase in the estate or income of the defendant.

CUNNINGHAM v. CUNNINGHAM

[121 N.C. App. 771 (1996)]

On remand the trial court is to consider, in its discretion, whether to modify the original decree of alimony. N.C.G.S. § 50-16.9(a) (order of alimony "may" be modified upon changed circumstances). There is no requirement, even in the face of a changed circumstance, that the alimony be modified. *Robinson v. Robinson*, 10 N.C. App. 463, 468, 179 S.E.2d 144, 148 (1971).

Reversed and remanded.

Chief Judge ARNOLD concurs.

Judge SMITH dissents.

Judge SMITH dissenting.

I disagree with the two central precepts of the majority opinion. I believe we are bound by existing case law, which states with clarity that dependency may be reconsidered at a modification hearing. And, I agree with the trial court's conclusion that no change of circumstances, as a matter of law, has occurred.

### I. Reconsideration of Dependency

It appears that any question concerning reconsideration of dependency was settled by *Marks v. Marks*, 316 N.C. 447, 461, 342 S.E.2d 859, 867 (1986). *Marks* is analytically identical to the instant case, in that it involves an alimony modification motion alleging changes in the dependency status of a supported spouse. In the section of the *Marks* opinion entitled "Changed Circumstances," our Supreme Court held that the trial court's

> findings . . . fully support the trial judge's conclusion that "plaintiff is *no longer* a *dependent spouse*," which supports his order terminating defendant's spousal support obligations. Only a "dependent spouse" is entitled to alimony. We conclude, therefore, that the trial court did not err in terminating defendant's obligation to pay alimony pursuant to the 1974 consent judgment.

*Id.* at 461, 342 S.E.2d at 867 (emphasis added) (citations omitted).

Since the *Marks* Court affirmed the trial court's conclusion of law, it seems irrefutable that dependency is subject to reconsideration under proper and substantial changes of circumstance. Otherwise, under its unanimous opinion, our Supreme Court affirmed an error of law.

The *Marks* holding is consistent with the Supreme Court's earlier ruling in *Rowe v. Rowe*, 305 N.C. 177, 287 S.E.2d 840 (1982). Rowe concerned an alimony modification motion based on changed circumstances. *Id.* The *Rowe* Court declared its "primary concern on this appeal [to be] the change in financial needs of defendant as a dependent spouse." *Id.* at 187, 287 S.E.2d at 846. The *Rowe* plaintiff appellee's brief stated:

> In fact, the *entire basis* for plaintiff's motion for modification is that although defendant was a dependent spouse at the time of the December 1976 Order—circumstances have <u>changed</u> with reference to the preceding findings of fact—so as to render her *no longer a dependent spouse* and no longer in need of alimony.

Brief for plaintiff appellee at pages 46-47; *Rowe*, 305 N.C. 177, 287 S.E.2d 840 (1982) (No. 96A81) (italicized emphasis added).

The Court of Appeals decided the same change of circumstance issue in *Rowe v. Rowe*, 52 N.C. App. 646, 280 S.E.2d 182 (1981) by holding:

> Defendant's argument that the court's initial determination of dependency is not subject to reconsideration on a subsequent motion under G.S. 50-16.9 is untenable. As we have explained herein, G.S. 50-16.9 calls for a *completely new examination* of the factors which necessitated the initial award of alimony in order to determine whether any of these circumstances have changed. When the list of circumstances enumerated in G.S. 50-16.5 is properly employed, *the conclusion is inescapable that defendant, although formerly dependent, is no longer so.*

*Id.* at 656, 280 S.E.2d at 188 (emphasis added). The Supreme Court affirmed this ruling, when it "agree[d] with the Court of Appeals that under these facts, there has been a change of circumstances as a matter of law." *Rowe*, 305 N.C. at 188, 287 S.E.2d at 847.

Based on *Rowe* and *Marks*, I perceive our consideration on this issue bound by the principles of *stare decisis. See Andersen v. Baccus*, 335 N.C. 526, 529, 439 S.E.2d 136, 138 (1994). We are also bound by the rule espoused in *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989), wherein it was determined that one panel of the Court of Appeals may not overturn another.

In *Rowe*, this Court expressly ruled on the dependency reconsideration issue. *Rowe*, 52 N.C. App. at 656, 280 S.E.2d at 188. The Supreme Court affirmed the Court of Appeals on the reconsideration issue, on nearly identical grounds. *Rowe*, 305 N.C. at 187, 287 S.E.2d at 846. While I agree the majority's view on reconsideration may make for better policy, we are bound to apply the law, not rewrite it.

## II. Changes of Circumstance

The majority has apparently concluded as a matter of law that on the instant facts a change of circumstances has occurred. I cannot agree. In this case, the parties consented to incorporation of the separation agreement into the divorce judgment. *See Walters v. Walters*, 307 N.C. 381, 385, 298 S.E.2d 338, 341 (1983). The parties also incorporated an automatic adjustment provision into the consent judgment, allowing alimony in the amount of one-half of plaintiff's income.

This provision was designed as a mechanism of convenience to the parties to prevent repeated litigation on alimony issues related to income fluctuations. Plaintiff was not forced into this alimony arrangement. Instead, he voluntarily assumed an obligation empowering defendant to preserve the marital custom of saving income. In light of the trial court's finding that defendant suffers from an illness which prevents her from working full-time, defendant's emphasis on saving as a priority is understandable, if not laudable.

By plaintiff's own account, defendant is presently engaging in economic activity, made possible through alimony, that was a regular and important standard during the marriage. Plaintiff agreed to an alimony arrangement which would uphold the custom of saving, as that was "the economic standard established by the marital partnership." *Williams v. Williams*, 299 N.C. 174, 181, 261 S.E.2d 849, 855 (1980). This Court has held that, when a party includes specific provisions in a consent decree providing for alimony, there is "an implied requirement of proving 'changed circumstances' . . . not contemplated at the time of the decree." *Britt v. Britt*, 49 N.C. App. 463, 473, 271 S.E.2d 921, 927 (1980). Moreover, "the provisions of a separation agreement [should] be given deference when adopted in a court order to 'increase "self-help" among the parties and prevent protracted litigation of spousal rights.' " *Britt*, 49 N.C. App. at 472, 271 S.E.2d at 927 (quoting Note, *Modification of Spousal Support: A Survey of a Confusing Area of the Law*, 17 J. Fam. L. 711, 717 (1978-79)).

CUNNINGHAM v. CUNNINGHAM

[121 N.C. App. 771 (1996)]

We have previously held that, where the change in circumstances is one that the trial court expected and probably made allowances for when entering the original decree, the change is not a ground for modification of the decree. *Britt*, 49 N.C. App. at 473, 271 S.E.2d at 927. In principle, this policy has the "desirable effect of discouraging modification except in special circumstances." *Id.* In this case, plaintiff's alleged change of circumstances is the exact event contemplated by the plain language of the trial court's alimony decree.

Indeed, plaintiff's individual salary has decreased significantly. But, given the symbiotic income link between plaintiff and defendant, defendant has suffered an income reversal identical to plaintiff's. This result has impacted defendant substantially, as the trial court found that defendant's needs had not changed since the original decree. Evidence in the record indicates defendant has had to liquidate assets in response to the decreased alimony. Defendant is not required to deplete assets to remain qualified for alimony, for such a mandate might eviscerate her ability "to maintain *any* standard of living." *Williams*, 299 N.C. at 184, 261 S.E.2d at 856 (emphasis in original).

I find plaintiff's plaint of financial hardship dubious. The trial court found that "although the monthly needs of the Plaintiff has [*sic*] increased, the increases are results of voluntary choices made by the Plaintiff and are not material to the issue of payment of permanent alimony." This finding is well supported by the record. Plaintiff has remarried since his divorce from defendant. However, in the portion of plaintiff's brief outlining his finances and reasonable expenses, he has omitted his wife's earnings from her law practice. As well, it is difficult to define plaintiff's vacation to the island of Tortola, B.W.I. as the practice of a destitute person. Thus, it cannot be said that plaintiff's "ability to pay" has been impaired, or that a legitimate "question of fairness" has been raised. *Beall v. Beall*, 290 N.C. 669, 679, 228 S.E.2d 407, 413 (1976); and *Bunn v. Bunn*, 262 N.C. 67, 70, 136 S.E.2d 240, 243 (1964).

In *Sayland v. Sayland*, 267 N.C. 378, 383, 148 S.E.2d 218, 222 (1966), our Supreme Court stated: "Payment of alimony may not be avoided merely because it has become burdensome, or because the husband has *remarried* and *voluntarily* assumed additional obligations." *Id.* (emphasis added). In light of the trial court's findings, which are supported by the record, I find *Sayland* controlling. Thus, no change of circumstances, as a matter of law, has occurred under these facts. I would affirm the trial court's denial of plaintiff's motion requesting alimony modification. Therefore, I dissent.