Bowes v. Bowes

EULA S. BOWES v. MELLIE LEWIS BOWES

No. 7417DC581

(Filed 18 September 1974)

Divorce and Alimony § 17— alimony — earning capacity — bad faith effort
— earnings of wife
    Award of alimony to the wife must be set aside where it was based
    on the husband's capacity to earn rather than his actual earnings and
    there was no evidence in the record supporting a finding that the
    husband is failing to exercise his capacity to earn because of disregard
    of his marital obligation, and where the earnings of the wife were not
    considered by the court.

APPEAL by defendant from *Clark, District Judge,* 28 January 1974 Session of District Court held in ROCKINGHAM County. Heard in Court of Appeals 28 August 1974.

Plaintiff seeks divorce from bed and board, permanent alimony, alimony pendente lite, custody of a minor daughter, child support and attorneys' fees.

The admitted facts are that the plaintiff and the defendant were married on 3 August 1940, and that three children were born of the marriage; two of the children are of age and emancipated with the remaining one, a minor daughter, nearly sixteen years of age; that the plaintiff is a fit and proper person to have custody and control of said daughter; that on or about 29 March 1971, the defendant gathered up his personal effects and moved out thereafter intending permanently to maintain a separate residence; that the defendant was the supporting spouse, capable of providing reasonable support for his wife and minor child.

The evidence in this case, for purposes of the appeal, will be directed to the issues of the earning capacity of the defendant and the support requirements of the plaintiff. Evidence offered

Bowes v. Bowes

by the plaintiff tended to show that the income of the defendant from 1964 through 1970 varied from $4,637.43 to $16,086.12. In 1970, the defendant's income was shown to be $6,775.14. In July, 1973, the corporation M. L. Bowes Construction Co., Inc., of which the defendant is the principal shareholder, loaned his son $2,360.00 with no interest. The plaintiff testified that on 31 August 1973, the daughter went to live with the defendant and that the defendant and daughter went on two vacations, one to the beach for seven days, the other to Canada for four days. She also testified concerning a trip by the defendant to Las Vegas for a week with his old Army unit. There was also testimony that defendant had moved from a mobile home trailer into a new home increasing his expenses.

By her own testimony, the plaintiff admits that she makes ninety dollars ($90.00) per month by renting certain parts of their home and earns an additional sixty dollars ($60.00) to seventy dollars ($70.00) per week after taxes as an alterations clerk. She indicated that her job there might be curtailed in the near future. She also testified to doing some part-time sewing. There was evidence that the defendant had made certain payments to the plaintiff during the litigation for alimony and child support, none of which exceeded seventy-five dollars ($75.00) per week. The plaintiff offered an accounting of her reasonably necessary expenses amounting to $558.37 per month excluding amounts for mortgage payments.

The defendant testified that his salary from the corporation was presently two hundred dollars ($200.00) per week or $148.83 after tax and that his reasonable monthly expenses were $556.69 excluding mortgage payments. In rebuttal to the plaintiff's evidence on the vacations, the defendant testified that the beach trip was to a friend's house where the only expenses were food and gas and that the Canada trip was fully paid for by the Kiwanis Club. The Las Vegas trip was paid for by the defendant. The defendant further testified that the reason he moved to the new home was because the mobile home was a one-room trailer used as an office for his business and in which it was impossible to stay after his minor daughter came to live with him.

On the above evidence, an order for alimony was entered on 8 February 1974. The trial judge found that the defendant had earning capacity as a grading contractor which enabled him to earn in excess of $14,500.00 per year and that since 1970, he

had failed to exercise his reasonable capacity to earn because of disregard of his marital obligation. The defendant was ordered to make all monthly payments on the home of the former marriage, the exclusive possession of which was awarded to the wife, and four hundred dollars ($400.00) alimony per month. The home payments are $249.12 a month making a total of $649.12 per month for the wife.

The defendant appealed.

*Gwyn, Gwyn & Morgan by Julius J. Gwyn for plaintiff appellee.*

*O'Connor & Speckhard by Donald K. Speckhard, for defendant appellant.*

CAMPBELL, Judge.

The defendant contends that there was insufficient evidence before the trial court to support the findings of fact and award of alimony contained in its order of 8 February 1974. This order was presumably based on the earning capacity of the defendant rather than his actual income and on the amount felt necessary to provide reasonable subsistence to the plaintiff. Upon a review of the record, however, there is no evidence relating to the defendant's income except that contained in income tax returns predating 1971 and that contained in testimony of the defendant at the trial.

It is settled in North Carolina that "[t]o base an award on capacity to earn rather than actual earnings, there should be a finding *based on evidence* that the husband is failing to exercise his capacity to earn because of disregard of his marital obligation to provide reasonable support . . . . " *Robinson v. Robinson,* 10 N.C. App. 463, 468, 179 S.E. 2d 144, 147 (1971) (emphasis added). "If the husband is honestly and in good faith engaged in a business to which he is properly adapted, and is making a good faith effort to earn a reasonable income, the award should be based on the amount which defendant is earning when the award is made." *Robinson v. Robinson, supra,* at 468. There is no evidence in the record supporting a finding that the defendant is making a bad faith effort to earn a reasonable income. Consequently, the award should be based on evidence of earnings at the time the award is made. There being no such evidence other than that in the defendant's testimony, the award is not supported by sufficient evidence.

"Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." G.S. 50-16.5(a). " '[T]he earnings and means of the wife are matters to be considered by the judge in determining the amount of alimony. G.S. 50-16.' " *Sayland v. Sayland*, 267 N.C. 378, 382, 148 S.E. 2d 218, 222 (1966), quoting *Bowling v. Bowling*, 252 N.C. 527, 533, 114 S.E. 2d 228, 232 (1960). From the record, the wife had apparent earnings of sixty dollars ($60.00) to seventy dollars ($70.00) per week after taxes at the time of the trial. G.S. 50-16.5(a) requires a determination of alimony to have regard to the earnings of both parties. This was not done in the instant case.

The evidence required by the statutes and the cases to support the particular findings of fact and award of alimony in this case were absent, and the judgment of the trial court must be vacated and the cause remanded for further proceedings in accordance with this opinion.

Vacated and remanded.

Judges PARKER and VAUGHN concur.