CLAUDETTE W. HOLT v. RICHARD ALLEN HOLT

No. 7526DC883

(Filed 7 April 1976)

Divorce and Alimony § 23— child support — present earnings — earning capacity — attorney's fee

Court's order that defendant pay child support of $400 per month was unsupported by the findings where the court found that defendant in the past has earned between $12,000 and $14,000 annually and has an earning capacity of $12,000 to $14,000, but the court made no finding as to defendant's present earnings and made no finding that defendant is failing to exercise his capacity to earn because of a disregard of his parental obligation; furthermore, the court's order that defendant pay a fee of $300 for plaintiff's attorney was unsupported by the record where the findings do not support the court's conclusion that defendant refused to provide adequate support under the circumstances.

APPEAL by defendant from *Johnson, Judge.* Judgment entered 30 May 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 18 February 1976.

This is a civil action wherein the plaintiff, Claudette W. Holt, alleging abandonment and indignities, is seeking alimony

Holt v. Holt

without divorce, attorney fees, child custody, and support from the defendant, Richard Allen Holt, her husband. Defendant denied that he had committed any marital offense and counterclaimed for a divorce from bed and board, alleging that plaintiff had offered him indignities. After a hearing on 30 May 1975, the court awarded custody of the minor children to the plaintiff and ordered that the defendant pay $400.00 per month child support and an attorney's fee of $300.00 to plaintiff's attorney. Defendant appealed.

*Robertson and Brumley by Richard H. Robertson for plaintiff appellee.*

*Turner, Rollins and Rollins by Clyde T. Rollins for defendant appellant.*

HEDRICK, Judge.

The defendant contends the court erred in ordering him to pay child support at the rate of $400.00 per month and an attorney's fee in the amount of $300.00. At the hearing on plaintiff's motion for alimony *pendente lite,* custody and support of minor children and counsel fees, evidence tended to show the following.

The parties were married on 27 January 1967 and two children, Sloane, age six, and Che, age four, were born of the marriage. Beginning in 1973 and continuing into 1974, the defendant would spend very little time with his family. He stopped coming home for dinner and would come home late at night and leave when he got up in the morning. "When he did stay around the house, he smoked marijuana and listened to music . . . . " Finally on 27 April 1974, the defendant told the plaintiff that she "made him sick" and he left the family home taking his personal belongings with him. Since then the parties "have spent five to ten nights together."

The plaintiff testified that present expenses for herself and her children were $898.20 per month. Plaintiff's net earnings from her employment as a hair stylist are from $40 to $60 per week.

The defendant was trained as a truck driver. He worked for Boren Clay Products Co. from 1968 to 1972 as a driver earning $9,000 in 1969, $16,000 in 1970, $18,000 in 1971, and $22,000 in 1972. His father who worked for Boren had obtained

this job for him, and after he died the defendant was fired. Since then he has worked for U-Haul Corporation, Interstate Contract Carrier Corporation, and Walter Griffin, Jr., as a trucker, and for East Coast Electronic Scales Company as a salesman. None of these jobs had lasted more than a few months. At the time of the hearing the defendant was employed as a truck driver for D. A. Hampton Trucking Co.; but due to the weather and the economy, he had grossed only $1200 from December, 1974, when he began working for Hampton, until the time of the hearing. Since June or July, 1973, the defendant had earned no more than $2000.

The defendant had been sending $450 per month support since separating until two months prior to the hearing when he reduced the payments to $250. The money for the support was being given to him by his mother.

While it is the legal obligation of the father to provide for the support of his minor children, G.S. 50-13.4, and while the welfare of the child is a primary consideration in matters of custody and maintenance, "yet common sense and common justice dictate that the ultimate object in such matters is to secure support commensurate with the needs of the child and the *ability* of the father to meet the needs." *Crosby v. Crosby,* 272 N.C. 235, 237, 158 S.E. 2d 77, 79 (1967) (emphasis added); *Gibson v. Gibson,* 24 N.C. App. 520, 211 S.E. 2d 522 (1975). In determining the ability of the father to support the child, the court ordinarily should examine the father's *present earnings,* *Powell v. Powell,* 25 N.C. App. 695, 214 S.E. 2d 808 (1975), rather than "select the earnings for a single year in the past and use that as the basis for an award . . . . " *Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912 (1960).

> "If the husband is honestly and in good faith engaged in a business to which he is properly adapted, and is making a good faith effort to earn a reasonable income, the award should be based on the amount which defendant is earning when the award is made. To base an award on capacity to earn rather than actual earnings, there should be a finding, based on evidence that the husband is failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support for his wife and children." *Robinson v. Robinson,* 10 N.C. App. 463, 468, 179 S.E. 2d 144, 147 (1971).

Holt v. Holt

See also *Bowes v. Bowes,* 23 N.C. App. 70, 208 S.E. 2d 270 (1974), *affirmed* 287 N.C. 163, 214 S.E. 2d 40 (1975).

G.S. 50-13.6 provides that in awarding attorney fees in an action for the support of minor children the court must find "that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding . . . . "

Although Judge Johnson found as fact that the defendant was employed as "an owner-operator trucker" and "has earned between $12,000 and $14,000 annually in a similar capacity" and "has an earning capacity of between $12,000.00 and $14,000.00 annually," and that the defendant is able to provide $400 per month for the support of his children, there is no finding as to the defendant's present earnings, nor is there a finding that he is failing to exercise his capacity to earn because of a disregard of his parental obligation. *Robinson v. Robinson, supra.* Therefore, the order that the defendant pay $400 per month for the support of his children is not supported by the findings.

Likewise, the findings are not sufficient to support the court's conclusion that " . . . the defendant has refused to provide support which was adequate under the circumstances existing at the time of institution of this action." Thus the record does not support the order that the defendant pay a fee of $300 for plaintiff's attorney.

Defendant also contends the court erred in finding as a fact that defendant abandoned the plaintiff. With respect to this contention, plaintiff in her brief states "for the purposes of this appeal, the plaintiff does not controvert the defendant's contention that there is insufficient evidence to support the court's findings of fact and conclusions of law that the defendant abandoned the plaintiff." We agree. The record does not support the court's finding and conclusion that defendant abandoned the plaintiff.

For the reasons stated the order requiring the defendant to pay $400 per month for the support of his children and an attorney's fee in the amount of $300 is vacated and the cause remanded to the district court for further proceedings to determine whether the defendant is failing to exercise his capacity

to earn because of a disregard of his parental obligation to provide reasonable support for his children.

Vacated and remanded.

Judges BRITT and MARTIN concur.