GRACE O. CHAMBLESS v. JOHN H. CHAMBLESS

No. 7722DC60

(Filed 21 December 1977)

1. Divorce and Alimony § 18.8— alimony pendente lite—list of plaintiff's expenses—admissibility

In an action for alimony pendente lite, lists prepared by plaintiff of her estimated living expenses were admissible in evidence to illustrate plaintiff's testimony.

2. **Divorce and Alimony § 18.12— alimony pendente lite—plaintiff's right to relief—sufficiency of evidence**

   Evidence in an action for alimony pendente lite was sufficient to support the trial court's conclusion that defendant's conduct constituted indignities to the person of the plaintiff so as to render her condition intolerable and her life burdensome where such evidence tended to show that defendant repeatedly told plaintiff that he did not love her and did not want anything further to do with her; the parties frequently argued and on one occasion defendant struck plaintiff; and defendant resisted plaintiff's attempts at reconciliation.

3. **Divorce and Alimony § 18.11— alimony pendente lite—plaintiff's dependency—sufficiency of evidence**

   Evidence in an action for alimony pendente lite was sufficient to support the trial court's finding that defendant was the supporting spouse and plaintiff was the dependent spouse where such evidence tended to show that plaintiff was unemployed and had no outside income; and prior to the separation, defendant furnished plaintiff an allowance of $75 per week, paid for household expenses, paid for plaintiff's clothing, and maintained a checking account to which plaintiff had access.

APPEAL by defendant from *Martin (Lester P.), Judge.* Judgment entered 24 August 1976 in District Court, DAVIDSON County. Heard in the Court of Appeals 26 October 1977.

Plaintiff-wife instituted this action seeking alimony without divorce and alimony *pendente lite*, and alleging as grounds therefor, *inter alia*, abandonment, indignities to her person, and failure to provide necessary subsistence so as to render her condition intolerable and her life burdensome. Defendant-husband filed answer and counterclaimed for divorce from bed and board, alleging grounds therefore. Defendant subsequently amended his answer and counterclaim, alleging as alternative defenses that the parties had not actually separated, that they had continued to cohabit, and that the plaintiff had constructively abandoned him.

The cause came on for hearing in district court upon plaintiff's motion for alimony *pendente lite* and counsel fees *pendente lite*. At the hearing, both parties presented evidence, from which the district court made findings of fact favorable to the plaintiff, concluded that plaintiff was entitled to an award of alimony *pendente lite*, and ordered defendant to pay to plaintiff $100.00 per week and to surrender to her possession of the residence owned by the parties as tenants by the entireties.

From the foregoing judgment of the district court, defendant appeals.

*Walser, Brinkley, Walser & McGirt, by Walter F. Brinkley, for plaintiff.*

*Wilson & Biesecker, by Joe E. Biesecker, for defendant.*

BROCK, Chief Judge.

[1] Defendant brings forth six assignments of error, two of which are not argued on appeal and thus are deemed abandoned. Defendant's second assignment of error is to the introduction into evidence of plaintiff's exhibits Nos. 7 and 8, which were paper writings prepared by plaintiff and identified by her as lists of estimated expenses which would allow her to maintain her standard of living. Prior to the introduction of the lists, plaintiff testified as to the annual amounts she would need. Plaintiff was allowed to introduce the lists in lieu of reading out the items contained therein. The lists were clearly admissible to illustrate plaintiff's testimony as to the amount of her expenses. This assignment of error is overruled.

Defendant next assigns error to the trial court's finding of fact and conclusion of law that the conduct of the defendant constituted indignities to the person of the plaintiff so as to render her condition intolerable and her life burdensome. Defendant contends that this finding of fact and conclusion of law is not supported by the evidence. We disagree.

The following discussion of "indignities" appears in 1 Lee, N.C. Family Law, § 82 at p. 311:

> "Indignities may consist of unmerited reproach, studied neglect, abusive language, and other manifestations of settled hate and estrangement. The fundamental characteristic of indignities is that it must consist of a course of conduct or continued treatment which renders the condition of the injured party intolerable and life burdensome. The indignities must be repeated and persisted in over a period of time."

[2] The trial court made findings of fact that plaintiff and defendant had frequent arguments and that on one occasion defendant struck plaintiff; that on numerous occasions defendant advised plaintiff that he did not love her and did not want to continue to live with her; that as the relationship of the parties deteriorated, defendant refused to discuss the situation with

plaintiff and resisted her efforts at reconciliation; that defendant advised plaintiff he was through with her and didn't want anything further to do with her; that plaintiff had repeatedly attempted to become reconciled and resume the marital relationship but that defendant had demonstrated continued indifference and had continued to tell plaintiff he did not love her, did not want to live with her, and that even though they might live and eat in the same house, he would not eat or sleep with her or have anything to do with her.

These findings of fact are supported by plaintiff's testimony, and thus are conclusive on appeal. As such, they demonstrate a course of conduct on the part of defendant sufficient to fall within the definition of indignities. Defendant's second assignment of error is overruled.

[3] In assignments of error numbers four and five, which he discusses together, defendant contends that the trial court's findings of fact and conclusions of law that plaintiff is substantially dependent on defendant and substantially in need of maintenance and support, and that defendant wilfully failed to provide necessary subsistence, are not supported by competent evidence. This argument has no merit.

Defendant concedes that he is the supporting spouse and plaintiff the dependent spouse. The record contains uncontradicted evidence and the court made findings of fact that plaintiff was unemployed and had no outside source of income. The court also found as facts, and the record is undisputed that prior to the separation, defendant furnished plaintiff $75.00 per week for incidental personal and normal household expenses; paid for the remainder of the groceries and household expenses, including maintenance, utilities, and insurance; furnished plaintiff an automobile; paid for some of her clothing and maintained a checking account with a balance of $1,000.00 to $2,000.00 a month to which plaintiff had access and which she frequently overdrew. The court found that since the separation, defendant has furnished groceries and other expenses, paid for some clothing, and furnished to plaintiff $150.00 a month in cash.

Thus it appears that plaintiff's pre-separation allowance from defendant substantially exceeded her post-separation allowance. Defendant does not contend that his earnings are insufficient to

justify the amount of the trial court's award. On these facts we cannot say that the trial court erred or abused his discretion in concluding that plaintiff has been substantially dependent upon defendant for maintenance and support, and that defendant failed to furnish plaintiff with necessary subsistence according to her means and condition. Defendant's fourth and fifth assignments of error are overruled.

For the reasons set forth herein, the judgment of the district court below is

Affirmed.

Judges MARTIN and CLARK concur.