## NANCY ELAINE CLEARY v. CHARLES D. CLEARY

### No. 7722DC790

### (Filed 18 July 1978)

1. **Husband and Wife § 11.2— indebtedness of husband—proceeds from sale of homeplace—construction of deed of separation**

    The trial court properly concluded that an indebtedness secured by a second deed of trust on the parties' homeplace was defendant's obligation, since the manifest intention of the parties in a deed of separation and consent judgment was that the homeplace be sold and the proceeds be divided equally between the parties after the indebtedness secured by the first deed of trust on the property had been paid but before the indebtedness secured by the second deed of trust was paid.

2. **Evidence § 31— accounts with creditors—testimony by debtor—no violation of best evidence rule**

    Defendant's contention that, when plaintiff in the course of her testimony testified to the amounts of the various debts of the parties to two lending institutions, she was testifying as to the contents of the records of those institutions in violation of the best evidence rule is without merit, since plaintiff was testifying about transactions to which she was a party; she did not testify directly to the contents of the creditors' records; and her testimony regarding the status of the parties' financial obligations was as acceptable in a legal sense as the records of her creditors.

3. **Witnesses § 8.3— writing used on direct examination—cross-examination proper**

    A party should be allowed to cross-examine his opponent with respect to the contents of a writing upon which he relied on direct examination.

APPEAL by defendant from *Cornelius, Judge.* Judgment entered 10 May 1977 in District Court, DAVIDSON County. Heard in the Court of Appeals 22 June 1978.

Civil action wherein plaintiff seeks to recover $4,789.39 allegedly owed to plaintiff by defendant. At the conclusion of a trial without a jury the trial judge made findings of fact which are summarized and quoted as follows:

The defendant and the plaintiff who formerly lived together as husband and wife executed a deed of separation on 30 August 1974 whereby the parties agreed to a division of their personal property, the defendant agreed to assume the indebtedness on certain farm equipment and the house payments, and the plaintiff assumed responsibility for taxes and insurance on the homeplace.

On 7 May 1975 the parties entered into a consent judgment which provided among other things that the homeplace owned by the parties as tenants by the entirety should be appraised and sold at the appraised price.

> 7. It was further agreed that after the payment of all indebtedness against the homeplace, any excess funds would be divided between the parties hereto. The consent judgment further provided in paragraph number 6 that the deed of separation dated August 30, 1974 was hereby ratified and affirmed except as to child support, custody and visitation rights and possession of the homeplace and any other matters specifically spelled out in this judgment.

Pursuant to the consent judgment the homeplace was sold for $49,000. At the time of the sale there was outstanding a deed of trust on the land in favor of the Federal Land Bank to the extent of $24,293.80, and an indebtedness of $5,323.23 to Northwest Production Credit Association representing loans acquired for the purchase and repair of a bulldozer and a dump truck.

> 10. The defendant Charles D. Cleary did receive the bulldozer and dump truck as set forth in the separation agreement; that at the time of the closing of the real estate transaction whereby the homeplace was sold the defendant Charles D. Cleary did at that time refuse to pay the balance of the indebtedness due for the purchase of the truck and bulldozer and the repairs and refused to pay the interest due because of the deferment of the payment of a portion of the indebtedness. The plaintiff Nancy Cleary objected at that time, but she did execute the necessary legal documents to transfer the property to the purchaser because the defendant would not close the transaction unless all the foregoing debts were paid from the proceeds of the sale and at that time all the indebtedness was paid from the proceeds of the sale of the real property and the excess was divided between the parties.

Based upon the preceding findings the trial court concluded that the indebtedness to Northwest Production Credit Association "was an obligation of the defendant" and that the indebtedness to Federal Land Bank "was an obligation upon the real estate, the homeplace, and was to be shared equally by both

parties." The court then ordered that the plaintiff recover $2,796.50 from the defendant. Defendant appealed.

*Brinkley, Walser, McGirt & Miller, by Walter F. Brinkley, for the plaintiff appellee.*

*Wilson, Biesecker, Tripp & Wall, by Joe E. Biesecker, for the defendant appellant.*

HEDRICK, Judge.

[1] In his first, third, sixth, eighth, ninth, tenth, eleventh, and twelfth assignments of error the defendant raises the single question of whether the trial court erred in concluding that the indebtedness to Northwest Production Credit Association was his obligation. In substance the defendant argues that because the indebtedness to Northwest Production Credit Association was secured by a second deed of trust on the real property, it was an indebtedness "against the homeplace" which according to the consent judgment was to be paid from the proceeds of the sale.

A consent judgment is a contract between the parties thereto which is approved and sanctioned by a court of competent jurisdiction. *Bland v. Bland*, 21 N.C. App. 192, 203 S.E. 2d 639 (1974). The interpretation of any contract, including a consent judgment, must be guided by the perceived intent of the parties. *Martin v. Martin*, 26 N.C. App. 506, 216 S.E. 2d 456 (1975). The terms employed by the parties should be accorded their ordinary meanings unless a contrary intent is manifest. *Insurance Co. v. Insurance Co.*, 266 N.C. 430, 146 S.E. 2d 410 (1966).

In the present case the parties unequivocally incorporated the terms of the deed of separation into the consent judgment except as to specified matters with which we are not concerned and "any other matters *specifically spelled out* in this judgment." The deed of separation provides that the defendant shall have, among other things, the dump truck and bulldozer and "shall assume the indebtedness on any of the equipment transferred to him." While the provision in the consent judgment charging the responsibility for "indebtednesses against the homeplace" to both parties is susceptible of more than one interpretation, we do not think it "specifically spell[s] out" an intention of the parties to modify or alter the original obligation of the defendant to pay off the in-

debtedness on the dump truck and bulldozer. Indeed, it is our opinion that the manifest intention of the parties was that the homeplace be sold and the proceeds be divided equally between the parties after the indebtedness to Federal Land Bank had been paid. These assignments of error are overruled.

[2] In his second assignment of error the defendant challenges the admission of the plaintiff's testimony with respect to the various debts of the parties. On direct examination the plaintiff referring to handwritten notes which she had prepared prior to trial answered numerous questions over the defendant's objections. The defendant argues that when in the course of her testimony the plaintiff testified to the amounts of the various debts of the parties to Northwest Production Credit Association and Federal Land Bank, she was "necessarily testifying to the contents of the records" of those institutions in violation of the best evidence rule.

We disagree. The best evidence rule generally requires a party to produce the writing itself when its contents are directly in issue. 2 Stansbury's N.C. Evidence, § 190 (Brandis Rev. 1973). However, "if a fact has an existence independent of the terms of any writing, the best evidence rule does not prevent proof of such fact by the oral testimony of a witness having knowledge of it or by any other acceptable method of proof not involving use of the writing." 2 Stansbury, *supra*, § 191 at 103, n. 24. *See also State v. Branch*, 288 N.C. 514, 220 S.E. 2d 495 (1975). The plaintiff's testimony revealed transactions to which she was a party. She did not testify directly to the contents of the creditors' records. Her testimony regarding the status of their financial obligations was as acceptable in a legal sense as the records of her creditors. *See Overby v. Overby*, 272 N.C. 636, 158 S.E. 2d 799 (1968). Furthermore, the use of notes which had been prepared by her prior to trial was properly allowed to refresh her recollection. 1 Stansbury, *supra*, § 32. Thus, this assignment is overruled.

The defendant's fourth and fifth assignments of error involve a letter from the Vice President of Northwest Production Credit Association to the plaintiff. The letter which was used by the defendant on direct examination listed "the balances due on each loan as of June 16, 1975." The defendant contends that testimony of the defendant elicited by the plaintiff on cross-examination was

inadmissible hearsay and violative of the best evidence rule. He also contends that the trial court erred in admitting a copy of the letter into evidence in the absence of proper authentication.

[3] North Carolina case law as well as basic principles of fairness dictates that a party should be allowed to cross-examine his opponent with respect to the contents of a writing upon which he relied on direct examination. *Warren v. Trucking Co.*, 259 N.C. 441, 130 S.E. 2d 885 (1963). Furthermore, we find nothing in the record to support the defendant's contention that the paper writing admitted into evidence was a copy of the subject letter. However, assuming that this contention is correct, it is settled that a copy of a writing is admissible in evidence without authentication when the opposing party admits to its authenticity. 2 Stansbury, *supra*, § 192 at 112. The defendant thus rendered authentication unnecessary when he relied on the copy of the letter during direct examination and testified that the paper to which he had referred was a letter from Northwest Production Credit Association. These assignments are totally without merit.

The defendant's remaining assignment challenges the entry of judgment for the plaintiff in the amount of $2,796.50. In light of our disposition of the defendant's foregoing assignments it is clear that there was ample evidence to support the trial court's findings as to the amount of the defendant's obligation to the plaintiff. The judgment appealed from is affirmed.

Affirmed.

Judges PARKER and MITCHELL concur.