GWENDOLYN S. TAN v. RICARDO M. TAN

No. 805DC375

(Filed 18 November 1980)

1. **Divorce and Alimony § 8– abandonment – sufficiency of evidence**

Plaintiff's evidence was sufficient to be submitted to the jury on the issue of defendant's abandonment of plaintiff where it tended to show that ten days before he moved out, defendant was staying out very late at night and did not come home at all on one occasion; several days later, defendant telephoned plaintiff from his office to tell her he was getting an apartment; defendant thereafter moved all of his belongings from the marital home; defendant had already contacted the telephone company and the electric company to change the billing address when he notified plaintiff of his intention to move out; plaintiff did not do anything to cause defendant to leave home; plaintiff never wrote defendant a note or told him to move out of the house; and the parties had not discussed separation in the week prior to the day defendant moved out.

2. **Divorce and Alimony § 8– abandonment – failure to give requested instructions**

The trial court did not err in refusing to give requested instructions on the issue of abandonment where the instructions given fully and fairly presented the issue of abandonment.

3. **Divorce and Alimony §§ 16.6, 25.11– dependent spouse – child custody – attorney fees**

The evidence supported the court's determination that plaintiff is the dependent spouse and defendant is the supporting spouse, its award of custody of the minor children jointly to the parties, and its award of attorney fees to plaintiff.

Tan v. Tan

**4. Divorce and Alimony §§ 16.9, 24.9– amount of alimony, child support – insufficient findings**

Portion of the court's judgment awarding alimony to plaintiff wife and support for a minor child in her custody was not supported by sufficient findings where the court found that defendant husband's net income after taxes was $30,000 to $32,000, and the court ordered defendant to pay (1) $1,000 per month in alimony to plaintiff, (2) $150 per month for support of a child in plaintiff's custody, (3) an undetermined amount for mortgage payments, taxes and insurance on the home sequestered to plaintiff, and (4) medical expenses of plaintiff, but the court made no findings as to the financial needs of defendant or the two minor children in his custody and no findings as to the actual amount defendant will have to pay from his net income for plaintiff's support.

APPEAL by defendant from *Rice, Judge.* Judgment entered 14 January 1980 in District Court, NEW HANOVER County. Heard in the Court of Appeals 14 October 1980.

This is a civil action wherein plaintiff seeks the custody of the minor children by her marriage to defendant, support for the minor children, alimony *pendente lite* and permanent alimony, and attorney's fees. Following a trial on the issue of abandonment, a jury returned a verdict in favor of plaintiff, and after a non-jury evidentiary hearing, the court made the following pertinent findings and conclusions:

*THIRD:* The plaintiff herein is a dependent spouse and the defendant is a supporting spouse.

*FOURTH:* The plaintiff herein is not now and has not for several years been gainfully or regularly employed and the defendant herein is a practicing licensed physician and surgeon in the City of Wilmington, who is regularly and gainfully employed having a net annual income, after payment of taxes of approximately $30,000 to $32,000.

*FIFTH:* The parties hereto own as tenants by the entirety a home at 2701 Newkirk Avenue, in Wilmington, North Carolina, in which they resided with the family until May 29, 1977, at which time the defendant moved out of said home and has not lived there since that date. The defendant has been and is now making the mortgage payment on said home and said home has been maintained as a home for the plaintiff and the three minor children of the parties until the two children mentioned above moved out and

went to live with their father in his apartment over his medical office.

*SIXTH:* The plaintiff herein has no funds, income or estate of her own and when this action was instituted the plaintiff originally employed Herbert Scott, Esq., who instituted this action and rendered valuable services to the plaintiff in attempting to negotiate a settlement between the plaintiff and the defendant herein and the plaintiff is presently indebted to the said Herbert Scott, Esq., in the amount of $630.00 dollars which the Court finds is a fair and reasonable fee for services heretofore rendered by the said Herbert Scott, Esq., to the plaintiff herein in this cause.

.   .   .

*EIGHTH:* The best interests of the minor children of the parties hereto require that their custody be awarded jointly to their mother and father, the plaintiff and the defendant respectfully herein, and in particular the best interests of the minor child, Colette Marie, will be served by her remaining a resident of the home on Newkirk Avenue with her mother and the best interests of Melinda Renee and Scott Anthony require or will be best served by their remaining a resident of the apartment with their father over his medical office. The reasonable support need for the minor child, Colette Marie, can be met by the defendant paying to the plaintiff for the support of said minor child, Colette Marie, the sum of $150.00 per month.

*NINTH:* The economic needs of the plaintiff herein will require that she have a home in which to live, or other dwelling place, that her medical expenses be paid, and that she have the sum of $827.00 per month in cash after payment of income taxes, both Federal and State, and that she have the use of an automobile for her own necessary transportation and the necessary transportation of the minor child, Colette Marie. The defendant is well able to provide the economic requirements of the plaintiff as herein-above mentioned in detail.

*TENTH:* The plaintiff herein had no funds with which to employ or pay W.G. Smith, Esq., her present counsel of record, when he undertook to represent her, . . . Since said

employment, the said W.G. Smith, Esq., has spent six days in Court in this matter, including the partial hearing of a Motion for temporary support and for temporary subsistence, and custody the trial of the issue between the plaintiff and the defendant and the hearing upon the question of custody, alimony and support. His services are reasonably worth the sum of $5,000.00, which sum the defendant is well able to pay within 90 days from the date of this Order.

Now, therefore, based upon the foregoing findings of fact, the Court concludes as a matter of law:

*FIRST:* The plaintiff is a dependant spouse and the defendant is a supporting spouse.

*SECOND:* The defendant owes a duty of support to the plaintiff herein.

*THIRD:* The defendant owes a duty of support to the minor children of the parties hereto.

. . .

The trial court entered a judgment awarding custody of the minor children jointly to the parties; ordering defendant to pay to plaintiff $1,000 per month in alimony and to pay the mortgage payments, taxes, and insurance on the marital home, sequestered to plaintiff; ordering defendant to pay reasonable past and future medical expenses of plaintiff and to allow plaintiff to continue using the automobile she is now using; ordering defendant to pay plaintiff's attorney's fees; and ordering defendant to support the minor children in his custody and to pay $150 per month for the support of the minor child in plaintiff's custody. Defendant appealed.

*W.G. Smith and Bruce Holt Jackson, Jr., for the plaintiff appellee.*

*James L. Nelson and James D. Smith, for the defendant appellant.*

HEDRICK, Judge.

[1] By his second, sixth, and eighteenth assignments of error, defendant contends the court erred in denying his motions for a directed verdict pursuant to G.S. § 1A-1, Rule 50 and in thereaf-

ter submitting the issue of abandonment to the jury. We disagree. We first note that we need not consider defendant's motion for a directed verdict at the close of plaintiff's evidence, as defendant chose thereafter to present evidence in his favor. *See Hodges v. Hodges*, 37 N.C. App. 459, 246 S.E. 2d 812 (1978). In considering defendant's other motions for a directed verdict, the evidence is to be considered in the light most favorable to plaintiff, and plaintiff is entitled to all reasonable inferences that can be drawn from that evidence. *Snow v. Duke Power Co.*, 297 N.C. 591, 256 S.E. 2d 227 (1979); *Murray v. Murray*, 296 N.C. 405, 250 S.E. 2d 276 (1979). G.S. § 50-16.2(4) provides as follows: "A dependent spouse is entitled to an order for alimony when: . . . (4) The supporting spouse abandons the dependent spouse." One spouse abandons the other within the meaning of G.S. § 50-16.2(4) where he or she brings their cohabitation to an end without justification, without consent of the other spouse and without intent of renewing cohabitation. *Panhorst v. Panhorst*, 277 N.C. 664, 178 S.E. 2d 387 (1971); *Powell v. Powell*, 25 N.C. App. 695, 214 S.E. 2d 808 (1975). We are of the view that the evidence in this case, when considered in the light most favorable to plaintiff, was sufficient to raise a factual question as to the issue of abandonment, and thus the court properly submitted that issue to the jury. Plaintiff's testimony tended to show that ten days before he moved out, defendant was staying out very late at night, and on one occasion did not come home at all. Several days later, defendant phoned plaintiff from his office to tell her that he was getting an apartment. Defendant thereafter moved all of his belongings out of the marital home. Plaintiff testified further that she did not do anything to cause him to leave home and that she never wrote him a note or told him to move out of the house. In addition, defendant and plaintiff had not discussed separation in the week prior to the day defendant moved out.

Despite this, defendant contends that evidence that the spouse was spending little time with his family, that the spouse would come home late at night and leave when he got up in the morning, and that the spouse finally told the other that she "made him sick" and left the family home with all his personal belongings, was not sufficient to support a finding and conclusion of abandonment in *Holt v. Holt*, 29 N.C. App. 124, 223 S.E. 2d 542 (1976), and thus similar evidence in the present case should

preclude submission of the issue of abandonment to the jury. Defendant, however, has misinterpreted the court's holding in *Holt v. Holt, supra*. The court in *Holt* did indeed find that the record did not support a finding of abandonment, but the facts in that case indicated that the parties resumed cohabitation sometime after the defendant moved out, and thus one of the essential elements of abandonment set forth in *Panhorst v. Panhorst, supra*, that of no intention of resuming cohabitation, was not present. Clearly, on the facts of the present case, defendant had no intention to resume living with plaintiff; defendant had already contacted the telephone company and the electric company to change the billing address when he notified plaintiff of his intention to move out. We also believe that the court in *Holt v. Holt, supra,* was influenced by the fact that plaintiff there did not controvert defendant's contention as to the insufficiency of evidence of abandonment. Moreover, since there is no all-inclusive definition as to what will justify abandonment, each case must be determined in large measure upon its own circumstances. *Heilman v. Heilman,* 24 N.C. App. 11, 210 S.E. 2d 69 (1974). These assignments of error have no merit.

**[2]** Defendant's fourth, fifth, seventeenth, and eighteenth assignments of error relate to the court's instructions to the jury. First, defendant argues that the court did not correctly explain the "law of abandonment." This assignment of error is based upon a broadside exception to the charge, and such an exception does not comply with the dictates of Rule 10(b)(2) of the Rules of Appellate Procedure. *State v. Freeman,* 295 N.C. 210, 244 S.E. 2d 680 (1978). As such, this exception will not be considered. Rule 10(a), Rules of Appellate Procedure; *State v. Graham,* 35 N.C. App. 700, 242 S.E. 2d 512 (1978). Second, defendant argues that the court erred in not instructing the jury as requested with respect to the issue of abandonment. The court's refusal to submit requested instructions is not error when the instructions given fully and fairly present the issues in controversy. *Clemons v. Lewis,* 23 N.C. App. 488, 209 S.E. 2d 291 (1974). We have reviewed the instructions given on abandonment in light of defendant's requested instructions, and find that the court fully and fairly instructed the jury on the issue of abandonment. Assignments of Error Nos. 17 and 18 are based on exceptions to the entry of the judgment and to the denial of defendant's post-trial motions for judgment notwithstanding

the verdict, new trial, and relief from the judgment. These assignments of error raise no questions not heretofore discussed, and are without merit.

We have reviewed defendant's other assignments of error addressed to the trial on the issue of abandonment and find them to be without merit. In the trial on the issue of abandonment, we find no error.

[3] Based on his ninth, thirteenth, seventeenth, and eighteenth assignments of error, defendant argues that the order requiring defendant to pay plaintiff's attorney's fees in this action was "fatally defective" because the complaint did not allege "that the plaintiff did not have 'sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof.'" The question argued in defendant's brief, however, is not raised by the exceptions upon which these assignments of error are based. Assignment of Error No. 17 is based on exceptions to the judgment awarding custody of the minor children jointly to the parties, awarding plaintiff alimony and attorney's fees, and requiring that defendant provide for the support of the minor children, while Assignment of Error No. 18 is based on an exception to the court's denial of defendant's motions for judgment notwithstanding the verdict, new trial, and relief from judgment. Such exceptions raise the sole question of whether the facts found by the court support the judgment. Clearly, the facts found do support the conclusions made, and the conclusions in turn do support the court's judgment. Assignments of Error Nos. 9 and 13 are based on exceptions to Findings of Fact Nos. 6 and 10. These exceptions raise questions as to the sufficiency of the evidence to support those findings. We have carefully reviewed the record in this case, and find ample evidence to support each of the findings challenged by these exceptions. These assignments of error have no merit.

[4] Defendant contends by his seventh, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth assignments of error that the trial judge failed to make sufficient findings with respect to the "reasonable needs of the defendant and the minor children in his custody," that the findings made by the trial judge do not support the conclusions drawn therefrom, and that the conclu-

Tan v. Tan

sions are not sufficient to support the judgment entered. The trial judge found as a fact that defendant's net annual income after taxes was "approximately $30,000 to $32,000." From this net income, defendant has been ordered to pay the following: (1) $1,000 each month in alimony to plaintiff; (2) $150 each month for the support of Colette Marie Tan, in plaintiff's custody; (3) an undetermined amount for mortgage payments, taxes, and insurance on the home sequestered to plaintiff; and (4) medical expenses of plaintiff in an amount not fixed or known, and both past and future. While we realize there is evidence in the record as to the amount of mortgage payments to be paid on the home, the trial judge made no finding with respect to that amount. Furthermore, the trial judge made no finding as to the financial needs of defendant or the minor children in his custody, nor did he make a finding as to the actual amount defendant will have to pay from his net income as a result of this action. Without more definite findings on these matters, we are unable to determine whether the judgment is fair to all parties concerned. Moreover, the trial judge made a finding that plaintiff's monthly economic needs consisted of a home to live in, use of an automobile, medical expenses and $847 in cash, yet the trial judge provided plaintiff with the home and car, and ordered defendant to pay plaintiff's medical expenses and $1,000 each month in cash. It seems obvious to us that the findings made by the trial judge are too meager to enable the reviewing court to determine whether the trial judge exercised proper discretion in deciding what defendant was to pay plaintiff, and that the findings which were made do not support the judgment. For these reasons, the portion of the judgment awarding alimony to plaintiff and support for Colette Marie Tan in her custody, must be vacated.

The result is: In that portion of the proceedings pertaining to the trial on the issue of abandonment, we find no error; those portions of the judgment declaring plaintiff to be a dependent spouse and defendant to be a supporting spouse, ordering defendant to pay attorney's fees, and awarding custody of the minor children are affirmed; that portion of the judgment fixing the amount of alimony for plaintiff and support for the minor child, Colette Marie Tan, in her custody is vacated, and the proceeding is remanded to the District Court for a further hearing with respect to the amount of alimony for plaintiff and

support for Colette Marie Tan and to the ability of defendant to pay those amounts, more definitive findings with respect thereto, and a proper order based thereon.

No error in part; affirmed in part; vacated and remanded in part.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.