CATHRINE LINTON STICKEL v. DELFORD LEFEW STICKEL

No. 8114DC1022

(Filed 17 August 1982)

1. **Divorce and Alimony § 18.8; Evidence § 31 — introduction into evidence of financial list showing past and future living expenses — proper**

    In an action for divorce and alimony, the trial court did not violate the best evidence rule by allowing plaintiff to introduce into evidence financial lists, or summaries, prepared from checks and itemized expenditures, which she used to show her past and future living expenses. Plaintiff's living expenses were a matter within her knowledge, and the contents of the checks or receipts were not at issue; therefore, the lists of estimated expenses were admissible to illustrate plaintiff's testimony as to the amount of her expenses.

2. **Divorce and Alimony § 17.3 — award of permanent alimony — lump sum payment — proper**

    In an action for alimony and divorce, a $30,000 lump sum award, representing the wife's recoupment of alimony that should have been paid prior to the hearing, when viewed in light of plaintiff's needs, and diminished by the amount defendant paid during the period in question, was supported by the findings and was not unreasonable. Furthermore, it was clear from the record and judgment that defendant, a surgeon, was able to pay the alimony awarded since the court plainly found that the defendant's income was $74,500, $84,000 and $92,000 for the years 1978, 1979 and 1980, respectively, and that his monthly expenditures were $4,160.

**3. Divorce and Alimony § 17.8— order to pay real estate taxes and insurance on home and medical insurance for plaintiff proper**

> In an action for alimony and divorce, the trial court did not err by ordering defendant to pay all real estate taxes and insurance on the house and medical insurance for plaintiff where the trial court made findings regarding the amounts paid by defendant, since the couple's separation, for real estate taxes on their house, referred in his findings to exhibits at trial revealing the cost of insurance and other expenses in the minutest details, and made findings of fact as to defendant's earnings, expenses, and plaintiff's needs.

APPEAL by defendant from *LaBarre, Judge.* Judgment entered 3 August 1981, in District Court, DURHAM County. Heard in the Court of Appeals 5 May 1982.

Plaintiff and defendant husband were married 13 September 1952. One child, Nancy Leigh Stickel, was born to them in 1959 and is emancipated. Defendant left the marital home on 1 December 1979. Plaintiff sued for alimony 12 November of that year. The parties stipulated before trial that plaintiff had grounds for alimony pursuant to G.S. 50-16.2. The trial court overruled defendant's request for a jury trial and ordered defendant to pay lump sum alimony to plaintiff in the amount of $30,000 and $2,750 per month permanent alimony. Plaintiff was also awarded possession of the marital home, a continuation of medical insurance benefits, possession of an automobile, and $3,350 to assist in the payment of her attorney's fees. All other facts necessary for an understanding of this matter are set forth below.

Defendant appeals, bringing forward six assignments of error.

*Maxwell, Freeman and Beason, by James B. Maxwell, for plaintiff appellee.*

*Hunter, Wharton and Howell, by John V. Hunter, III, for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant argues by his first assignment that the trial court violated the best evidence rule by allowing plaintiff to introduce into evidence financial lists, or summaries, prepared from checks and itemized expenditures, which she used to show her past and future living expenses. Defendant contends that since there was no showing that the records upon which the summaries were

based were so voluminous as to make it impracticable to examine them in court, plaintiff should have been required to introduce the checks, receipts and other underlying documents, rather than summaries thereof. We disagree, holding that defendant has misapprehended the purpose of the best evidence rule.

The rule exists to ensure that originals of documents are introduced into evidence where their contents are in issue. Plaintiff did not testify directly to what the records revealed, however, but used the summaries merely to illustrate testimony given from her own knowledge regarding expenses. In *Chambless v. Chambless*, 34 N.C. App. 720, 239 S.E. 2d 624 (1977), we held that lists of estimated expenses were admissible to illustrate a plaintiff's testimony as to the amount of her expenses. Here, as in *Chambless*, plaintiff testified, prior to the introduction of the lists, regarding her expenses. " '[I]f a fact has an existence independent of the terms of any writing, the best evidence rule does not prevent proof of such fact by the oral testimony of a witness having knowledge of it or by any other acceptable method of proof not involving use of the writing.' " *Cleary v. Cleary*, 37 N.C. App. 272, 275, 245 S.E. 2d 824, 826 (1978), quoting 2 Stansbury's N.C. Evidence, § 191, at 103, n. 24 (Brandis Rev. 1973). Plaintiff's living expenses were a matter within her knowledge, and the contents of checks or receipts were not at issue. This assignment of error is overruled.

[2]　Defendant next attacks the court's lump sum award to plaintiff of $30,000. He argues that the court made no findings or conclusions pertaining to the necessity of the award or his ability to pay it. He complains of the court's alleged failure to make findings and conclusions as to his reasonable living expenses, debts, and overall ability to pay alimony as ordered. Defendant further asserts that the court erred by ordering him to pay all real estate taxes and insurance on the marital home, and to provide medical insurance for plaintiff.

The court determined by its sixth conclusion

That in addition to permanent alimony, the plaintiff is entitled to a lump-sum alimony representing the differences in what the defendant should have provided to the plaintiff during the eighteen-month period of separation and what he has

presently actually paid, both direct (sic) and indirect (sic), to the plaintiff.

Defendant maintains that the judgment contains no findings pertaining to plaintiff's reasonable needs during the 18 months that elapsed between defendant's leave taking in December 1979 and the hearing in May 1981, or about plaintiff's standard of living during that period.

On the contrary, the record is replete with evidence of plaintiff's needs, and the court, based on that evidence, found

[t]hat the monthly expenses of the wife, according to the standard of living that had been maintained for her and the family unit by defendant prior to his separation, . . . approximates $3,000.00 per month, and that such monthly expenses are reasonable in light of the standard of living to which the parties had become accustomed during their marriage.

The trial judge also found that plaintiff spent approximately $2,850 per month in the year 1979, and awarded her $2,750 per month permanent alimony. Yet plaintiff is also "entitled to subsistence in keeping with defendant-husband's means and ability and standard of living, not only from the time she instituted her action, but from the time her husband wrongfully separated himself from her." *Austin v. Austin,* 12 N.C. App. 390, 393, 183 S.E. 2d 428, 430 (1971). A $30,000 lump sum award, representing the wife's recoupment of alimony that should have been paid prior to the hearing, when viewed in light of plaintiff's needs, and diminished by the amounts defendant paid during the period in question, is supported by the findings and is not unreasonable. Furthermore, it is quite clear from the record and judgment that defendant, a surgeon, is able to pay the alimony awarded. The court plainly found that defendant's income was $74,500, $84,000, and $92,000 for the years 1978, 1979 and 1980, respectively, and that his monthly expenditures were $4,160.

Counsel's reliance on *Taylor v. Taylor,* 46 N.C. App. 438, 265 S.E. 2d 626 (1980), for the proposition that the court's order of payment of the $30,000 lump sum amount, which would force him "to liquidate, by sale or mortgage, his only remaining assets . . . to effect a division of his estate" with plaintiff was error, results from a mistaken application of the holding in that case. The lump

sum amount discussed in *Taylor v. Taylor, supra,* was deemed to be a division of defendant's estate rather than an award of alimony, and for that reason was vacated. The payment ordered by the court in the instant case was, on the other hand, designated to cover arrearages in alimony, as is proper. *Gardner v. Gardner,* 40 N.C. App. 334, 252 S.E. 2d 867, *cert. den.* 297 N.C. 299, 254 S.E. 2d 917 (1979). Moreover, there was no requirement of time within which the sum was to be paid. The court's order merely provided that a lien be placed on defendant's interest in the Stickel's house in the amount of $30,000.

[3]    Defendant invokes the case of *Tan v. Tan,* 49 N.C. App. 516, 272 S.E. 2d 11 (1980), *cert. den.* 302 N.C. 402, 279 S.E. 2d 356 (1981), to bolster his assertion that the trial court erred by ordering defendant to pay all real estate taxes and insurance on the house and medical insurance for plaintiff without a finding as to the actual amount defendant would have to pay. He says that the actual alimony payments are so "shrouded in mystery" as to make it impossible to determine the fairness to the parties of the judgment. The *Tan* case, however, does not require that the monthly alimony payments be designated to the penny. The holding only denounces findings made by the trial judge that "are too meager to enable the reviewing court to determine whether the trial judge exercised proper discretion in deciding what defendant was to pay plaintiff. . . ." The trial court in this case made findings regarding the amounts paid by defendant since the couple's separation for real estate taxes on their house, referred in his findings to exhibits introduced at trial revealing the costs of insurance and other expenses in the minutest detail, and made findings of fact as to defendant's earnings, expenses, and plaintiff's needs. The order contains sufficient information for us to review it, and to determine that it is supported by competent and uncontradicted evidence. Compare *Quick v. Quick,* --- N.C. App. ---, 290 S.E. 2d 653 (1982). We perceive nothing less than a sound exercise of discretion by the trial court in entering the award.

Although he does not dispute defendant's entitlement to attorney's fees, defendant argues that the trial court improperly awarded counsel's fees to plaintiff for the services of two attorneys. If counsel fees are properly awarded, the amount of an award of attorney's fees in an alimony case is within the discretion of the trial judge, and is reviewable only for abuse of discre-

tion. *Clark v. Clark,* 301 N.C. 123, 271 S.E. 2d 58 (1980). We find no evidence that the trial judge attached an unreasonable value to these services, or that defendant was forced to pay for a duplication of services. The assignment of error is overruled.

Defendant, by his final assignment of error, maintains that he was erroneously denied a jury trial on the issues of plaintiff's dependency and the amount of alimony. The issue of dependency is for the trial judge, the case of *Vandiver v. Vandiver,* 50 N.C. App. 319, 274 S.E. 2d 243, *cert. den.,* 302 N.C. 634, 280 S.E. 2d 449 (1981), being dispositive.

The judgment of the trial court is

Affirmed.

Judges CLARK and MARTIN (Harry C.) concurred prior to 31 July 1982.